IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>STONE & WEBSTER, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 00-2142 (PJW)<br><br>(Jointly Administered) |
| SAUDI AMERICAN BANK,<br><br>Appellant,<br><br>v.<br><br>SAUDI ARABIAN OIL COMPANY, STONE & WEBSTER, INC., STONE & WEBSTER ENGINEERING CORP., and SWE&C LIQUIDATING TRUSTEE,<br><br>Appellees. | Civ. No. 06-399-SLR |

**MEMORANDUM OF THE SWE&C LIQUIDATING TRUSTEE IN SUPPORT OF ITS MOTION TO STRIKE THE DECLARATION OF SHEHERYAR ALI IN SUPPORT OF <u>SAUDI AMERICAN BANK'S REPLY BRIEF</u>**

The SWE&C Liquidating Trustee ("Trustee"), on behalf of the SWE&C Liquidating Trust ("Trust"), as successor-in-interest to plaintiff Stone & Webster Engineering Corporation ("SWEC"), submits this memorandum in support of its motion to strike the Declaration Of Sheheryar Ali In Support Of Saudi American Bank's Reply Brief In Support Of Its Appeal Of Bankruptcy Court's Denial Of Saudi American Bank's Motion To Intervene, March 23, 2007 ("Declaration"). In support thereof the Trust states as follows:

In a tacit admission that the Bankruptcy Court correctly focused on the inconsistencies between the alleged "assignment" by Bugshan S&W Ltd. (a non-party to this proceeding) and the conclusory allegations made by Saudi American Bank ("SAMBA") to support intervention, SAMBA belatedly attempts to correct the problem by submitting the Declaration. While

429.001-16156

supposedly explaining away discrepancies, the Declaration simply ignores the Bankruptcy Court's real concerns – including the failure of the "Specific Payment Letter" to follow the form for an "assignment" dictated by the alleged "Assignment of Contract Proceeds," or the absence of any explanation how the "Specific Payment Letter" can be a notice of assignment when it pre-dates the "Assignment of Contract Proceeds" by four months and makes no reference to any "assignment." (*See* Brief Of Respondent SWE&C Liquidating Trustee In Opposition To Saudi American Bank's Appeal Of The Bankruptcy Court's Denial Of Saudi American Bank's Motion To Intervene, March 2, 2007, at 6 (quoting Bankruptcy Court's concerns about discrepancies and inconsistencies in documentation)).

But whatever the failures in its Declaration, SAMBA cannot correct the inadequacies in its case for intervention or augment the appellate record by submitting a newly created document that the Bankruptcy Court did not and could not have considered. *See, e.g., Asbestos Claimants v. Am. Steamship Owners Mut. Protection & Indem. Ass'n, Inc. (In re Prudential Lines, Inc.)*, 93 Civ. 1481 (CSH), 93 Civ. 7164 (CSH), 1994 U.S. Dist. LEXIS 5080, at *5 (S.D.N.Y. April 18, 1994) ("I am not permitted to consider on this appeal materials not before the bankruptcy judge at the time challenged decisions were made."). This unremarkable rule derives from the statutory mandate that appeals from the Bankruptcy Court to the District Court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts . . . ." 28 U.S.C. § 158(c)(2); *see also Amedisys, Inc. v. JP Morgan Chase Manhattan Bank (In re Nat'l Century Fin. Enters., Inc.)*, 334 B.R. 907, 915 (Bankr. S.D. Ohio 2005) (citing 28 U.S.C. § 158(c) as authority for relying upon the Federal Rules of Appellate Procedure to govern appeals from the bankruptcy court); *Metro North State Bank v. Barrick Group, Inc. (In re Barrick Group, Inc.)*, 100 B.R. 152, 154 n.2 (D. Conn. 1989) (same).

429.001-16156

Though the proper procedure would be to move the Bankruptcy Court to augment the appellate record if SAMBA inadvertently omitted relevant material (*see, e.g.*, *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 802 (E.D. Pa. 1986) ("The Bankruptcy Court resolves disputes over the proper contents of the appellate record in the first instance." (citations omitted)), no case allows SAMBA to "add to the record on appeal matters that did not occur [in the lower court] in the course of proceedings leading to the judgment under review." *Fassett v. Delta Kappa Epsilon (New York)*, 807 F.2d 1150, 1165 (3d Cir. 1986) (quoting 9 J. Moore, Moore's Federal Practice, ¶ 210.08(1) at 10-55 (2d ed. 1985)); *see also Exco Resources, Inc. v. Milbank, Tweed, Hadley & McCloy LLP (In re Enron Corp.)*, 02 Civ. 5638 (BSJ), 2003 U.S. Dist. LEXIS 1442, at *13 n.3 (S.D.N.Y. Jan. 28, 2003) ("On appeal, this Court will only consider the record that was before the bankruptcy court. The Court, therefore, will disregard any argument or document that appears for the first time on this appeal . . . ."). The only allowable response to SAMBA's submission of the Declaration without authorization or a proper basis to seek such authorization is to strike the Declaration. *See, e.g.*, *United States v Canon*, 534 F.2d 139, 140 (9th Cir. 1976) (striking affidavit; "The affidavit was not before the District Court when it made its order and, therefore, is not a proper part of the record on appeal."); *Brewer v. New York, State Dep't of Correctional Servs. (In re Value-Added Communications, Inc.)*, 224 B.R. 354, 357 (N.D. Tex. 1998) (striking designation of record that cites documents "not considered by the trial court"; "[A]n appeal does not present a party with 'a license to build a new record.'" (quoting *Anthony v. United States*, 667 F.2d 870, 875 (10th Cir. 1981)); *In re Barrick Group, Inc.*, 100 B.R. at 154 ("The record on appeal should contain all items considered by the bankruptcy court in reaching a decision. Conversely, if an item was not considered by the court, it should be stricken from the record on appeal." (citations omitted)).

429.001-16156

As the Bankruptcy Court correctly found, the documents that SAMBA submitted to support intervention contradict the conclusory allegations that SAMBA made in its motion to intervene and its complaint-in-intervention. The Bankruptcy Court was entitled to review the documents that SAMBA submitted. SAMBA cannot demand that the Bankruptcy Court accept its conclusory allegations when they are inconsistent with the documents, or explain away the discrepancies with a Declaration that it concocts on appeal to avoid the shortcomings of its own case for intervention.

WHEREFORE, the Trust respectfully asks this Court to strike the Declaration and to disregard SAMBA's arguments in reliance thereon.

Dated: April 10, 2007
      Wilmington, Delaware

LANDIS RATH & COBB LLP

/s/ Kerri Mumford
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 600
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Lorraine S. McGowen
Alyssa Englund
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103-0002
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

- and -

429.001-16156

James E. Houpt
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA  95814
Telephone:  (916) 447-9200
Facsimile: (916) 329-4900

Counsel to the SWE&C Liquidating Trust

## CERTIFICATE OF SERVICE

I, Kerri K. Mumford, hereby certify that on this 10th day of April 2007, I caused a true and correct copy of the *Memorandum of The SWE&C Liquidating Trustee in Support of its Motion to Strike the Declaration of Sheheryar Ali in Support of Saudi American Bank's Reply Brief* to be filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Adam G. Landis (landis@lrclaw.com)
Kerri King Mumford (mumford@lrclaw.com)
Francis A. Monaco, Jr. (fmonaco@monlaw.com)
Kevin J. Mangan (kmangan@monlaw.com)
Dennis A. Meloro (melorod@gtlaw.com)

I further certify that I have served the parties listed on the service list below in the manner indicated:

*First Class Mail*
John C. Hutchins, Esquire
Daniel E. Rosenfeld, Esquire
Amy B. Abbott, Esquire
Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Center
Boston, MA  02111

*First Class Mail*
Lorraine S. McGowen, Esquire
Alyssa Englund, Esquire
Orrick, Herrington & Sutcliff LLP
666 Fifth Avenue
New York, NY  10103-0002

*First Class Mail*
James E. Houpt, Esquire
Lynn Trinka Ernce, Esquire
Orrick, Herrington & Sutcliffe LLP
400 Capitol Mall, Suite 3000
Sacramento, CA  95814

Kerri K. Mumford (No. 4186)

Document1