IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>STONE & WEBSTER, INCORPORATED <u>et al.</u>,<br><br>　　　　　　　　　Debtors | Chapter 11<br>Bk. No. 00-02142 (PJW)<br>Jointly Administered |
| SAUDI AMERICAN BANK<br><br>　　　　　　　　　Appellant,<br>v.<br><br>SAUDI ARABIAN OIL COMPANY, STONE & WEBSTER, INC., STONE & WEBSTER ENGINEERING CORP. and SWE&C LIQUIDATING TRUSTEE,<br><br>　　　　　　　　　Appellees. | Civil No. 06-399-SLR |

## APPELLANT SAUDI AMERICAN BANK'S OPPOSITION TO SWE&C LIQUIDATING TRUSTEE'S MOTION TO STRIKE and CROSS MOTION TO SUPPLEMENT THE RECORD

Saudi American Bank ("SAMBA") hereby opposes SWE&C Liquidating Trustee's ("Trustee") Motion to Strike the Declaration of Sheheryar Ali in Support of Saudi American Bank's Reply Brief ("Ali Declaration"), and concurrently cross moves to supplement the record to include the Ali Declaration. As more fully set forth below, this Court has the inherent power to supplement the record in the interests of justice under the circumstances here presented. Because the issues addressed by the Ali Declaration were argued by the Trustee for the first time in its Brief in Opposition to SAMBA's appeal, after the Bankruptcy Court made a finding on the issue without benefit of any briefing, this Court should allow SAMBA to supplement the record with the Declaration in order to insure a full and fair determination of the issue of intervention.

Document #61194

Contrary to the Trustee's contention, a reviewing court does "have the inherent equitable power to allow supplementation of the appellate record if it is in the interests of justice." *CSX Transportation, Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000). The matter is in the Court's discretion to decide on a case-by-case basis, and is guided by consideration of whether the proffered material would establish "the proper resolution of the pending issues." *Id.*

A court faced with a situation strikingly similar to the one here presented allowed supplementation of the record with materials not reviewed by the court below. In *CSX Transportation, Inc. v. City of Garden City*, the lower court had decided summary judgment based on an issue that had never been raised or argued by any party, finding that the plaintiff's entitlement to indemnification turned on whether the defendant city had liability insurance. *See CSX Transp., Inc.*, 235 F.3d at 1330. Since the city had not argued that its liability depended on whether it had insurance, the plaintiff had not made a showing that the city was insured. *Id.* The lower court nevertheless ruled *sua sponte* that the absence of evidence of insurance entitled the defendant city to summary judgment. *Id.* at 1329-30. On appeal, plaintiff sought to supplement the record with evidence that the city was, in fact, insured. *Id.* at 1330. The reviewing court allowed supplementation with evidence that had not been before the lower court, noting that the defendant had never argued the issue of insurance before the lower court, and the lower court's opinion was the first time the issue had been clearly raised. *Id.* at 1330-31. In so ruling, the court quoted the Supreme Court's admonition that

> The rules of practice and procedure are devised to promote the ends of justice, not to defeat them. A rigid and undeviating judicially declared practice under which courts of review would invariably and under all circumstances decline to consider all questions which had not previously been specifically urged would be out of harmony with this policy. Orderly rules of procedure do not require sacrifice of the rules of fundamental justice.

*Id.* at 1331 (quoting *Hormel v. Helvering*, 312 U.S. 552, 557, 61 S.Ct. 719, 721 (1941)).

In the present case, justice similarly militates strongly in favor of allowing supplementation of the record to include the Ali Declaration. As noted in SAMBA's Reply in Support of its Appeal, the validity of SAMBA's assignment was never challenged by the Trustee or any other party in the course of the proceedings below or in the related bankruptcy proceedings, and the first time this issue was raised was by the Bankruptcy Court at oral argument on SAMBA's Motion to Intervene. *See* Appellant Saudi American Bank's Reply Brief at 4-6. The Bankruptcy Court thus based its ruling on a finding regarding the validity of the assignment without benefit of any briefing, and neither SAMBA nor any of the parties was ever provided an opportunity to present any factual material or legal argument to assist the court in evaluating the question. Moreover, the Bankruptcy Court's inquiry into the validity of the assignment constituted inquiry into disputed issues of fact that is improper on a motion to intervene. *See* Appellant Saudi American Bank's Reply Brief at 4-6. The Ali Declaration directly addresses the factual questions raised by the Bankruptcy Court and embraced by the Trustee for the first time in its Opposition Brief. Under these circumstances, supplementation of the record to include the Ali Declaration is appropriate and necessary to a proper resolution of SAMBA's appeal, particularly if this Court determines that the Bankruptcy Court was justified in basing its decision on intervention on the validity of the assignment.

This Court has the inherent authority to allow supplementation of the record to include the Ali Declaration, and should exercise its discretion to do so. *See Hinson v. Edmond*, 192 F.3d 1342, 1344 n.2 (11th Cir. 1999) (allowing supplementation of the record with a contract not reviewed by the court below in order to allow the court to decide the issue of immunity); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1554-55 (11th Cir. 1989) (permitting supplementation with an affidavit not submitted to the District Court, even though the plaintiff

filed the affidavit with the Court of Appeals prior to moving for its acceptance and the court was not convinced it would be dispositive of any issues, because "a consideration of all relevant information is necessary to make an informed and final decision"); *Dickerson v. Alabama*, 667 F.2d 1364, 1367-68 & n.5 (11th Cir. 1982) (relying on court's "inherent equitable powers to supplement the record" with evidence not reviewed by the court below); *see also Brody by Sugzdinis v. Spang*, 957 F.2d 1108, 1114 n.4 (3rd Cir. 1992) (accepting affidavits supplementing the record with facts not before the court below); *Manjiyani v. Ashcroft*, 343 F.3d 1018, 1020 (9th Cir. 2003) (granting petition to supplement the record and concluding the supplemental evidence was sufficient to require reopening of proceedings below to consider such evidence); *Lewallen v. Green Tree Servicing, L.L.C.*, 343 B.R. 225, 228-29 (W.D. Mo. 2006) (reviewing the denial of a motion to compel arbitration, and denying a motion to strike materials that were not presented to or reviewed by the Bankruptcy Court when it issued its ruling on the motion to compel arbitration).

Respectfully submitted,
SAUDI AMERICAN BANK,
By its attorneys,

/s/ Kevin Mangan

Francis A. Monaco, Jr. (#2078)
Kevin Mangan (#3810)
Monzack & Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
(302) 656-8163

Of Counsel:
Daniel E. Rosenfeld
John C. Hutchins
Amy B. Abbott
Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

Dated: April 19, 2007

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| STONE & WEBSTER, INCORPORATED et al., | ) ) | Case No. 00-02142-PJW Jointly Administered |
| Debtors | ) ) ) | |
| STONE & WEBSTER, INCORPORATED, and STONE & WEBSTER ENGINEERING CORPORATION, et al., | ) ) ) ) | |
| Plaintiffs | ) ) | Civ. No. 06-399 (SLR) |
| -against- | ) ) | |
| SAUDI ARABIAN OIL COMPANY | ) ) | |
| Defendant | ) ) | |
| SAUDI AMERICAN BANK | ) ) | |
| Appellant/ Movant for Intervention | ) ) | |

## CERTIFICATE OF SERVICE

I, Lorraine Diaz, certify that I am not less than 18 years of age, and that service of the foregoing documents was made on April 19, 2007 upon:

**Via Hand Delivery and Electronic Mail**
Adam G. Landis, Esquire
Kerri K Mumford, Esquire
Landis Rath & Cobb LLP
919 Market Street, Suite 600
Wilmington, Delaware 19801

Document #: 61193

Dennis Anthony Meloro, Esquire
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7000
Fax: (302) 661-7360
Email: melorod@gtlaw.com

**Via US MAIL and Electronic Mail**
Lorraine S. McGowen, Esquire
Orrick Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103

James Houpt, Esquire
Orrick Herrington & Sutcliffe LLP
400 Capital Mall, Ste. 3000
Sacramento, CA 95814

Under penalty of perjury, I declare that the foregoing is true and correct.

April 19, 2007
Date

Lorraine Diaz