IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>STONE & WEBSTER, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 00-2142 (PJW)<br><br>(Jointly Administered) |
| SAUDI AMERICAN BANK,<br><br>Appellant,<br><br>v.<br><br>SAUDI ARABIAN OIL COMPANY, STONE & WEBSTER, INC., STONE & WEBSTER ENGINEERING CORP., and SWE&C LIQUIDATING TRUSTEE,<br><br>Appellees. | Civ. No. 06-399-SLR<br><br><br><br>Ref. Nos. 12, 14, 15 and 16 |

**REPLY OF THE SWE&C LIQUIDATING TRUSTEE IN SUPPORT OF HIS
MOTION TO STRIKE THE DECLARATION OF SHEHERYAR ALI;
OPPOSITION TO APPELLANT SAUDI AMERICAN BANK'S
<u>CROSS MOTION TO SUPPLEMENT THE RECORD</u>**

The SWE&C Liquidating Trustee ("Trustee"), on behalf of the SWE&C Liquidating Trust ("Trust"), as successor-in-interest to plaintiff Stone & Webster Engineering Corporation ("SWEC"), submits this reply in support of its motion to strike the Declaration Of Sheheryar Ali ("Declaration"), and in opposition to the cross-motion of Saudi American Bank ("SAMBA") to supplement the record, and states as follows:

---

[1] The Debtors are the Consolidated SWINC Estate and the Consolidated SWE&C Estate. As more particularly set forth in Article VII(B) of the Third Amended Joint Plan of the Debtors in Possession, the Official Committee of Unsecured Creditors, Federal Insurance Company, Maine Yankee Atomic Power Company, and the Official Committee of Equity Security Holders with Respect to (I) Stone & Webster, Incorporated and Certain of its Subsidiaries and Affiliates and (II) Stone & Webster Engineers and Constructors, Inc. and Certain of Its Subsidiaries ("Joint Plan"), certain debtor subsidiaries of Stone & Webster, Incorporated are merged into Stone & Webster, Incorporated, and their estates have been substantively consolidated to become the Consolidated SWINC Estate; and certain debtor subsidiaries of Stone & Webster Engineers and Constructors, Inc. are merged into Stone & Webster Engineers and Constructors, Inc., and their estates have been substantively consolidated to become the Consolidated SWE&C Estate.

429.001-16376

## FACTS

Even if SAMBA were otherwise justified in submitting newly created evidence on appeal, that new evidence – the Declaration – conspicuously omits any explanation for the still-missing document by which SAMBA claims a right to intervene in an action between the Trust and Saudi Arabian Oil Company ("Aramco"). SAMBA admits it has no privity with the Trust or its predecessor, Stone & Webster Engineering Corporation ("SWEC"), to support intervention. Instead, SAMBA relies on an alleged privity with Aramco arising from a supposed "assignment of contract proceeds" running not from SWEC or the Trust, but from a third party to the lawsuit – Bugshan S&W Ltd. ("BS&W"), a limited liability company in Saudi Arabia – to Aramco.[2]

The Bankruptcy Court correctly denied intervention because SAMBA produced a "Specific Payment Instruction Letter,"[3] not the notice of assignment that had to be in "such form as may be required by the payor" or "in substantially the . . . form" dictated by BS&W's agreement with SAMBA to create a duty running from Aramco to SAMBA.[4] The "Specific Payment Instruction Letter" allegedly established a duty for Aramco to make payment to SAMBA *only* when invoiced by BS&W.[5] The "Specific Payment Instruction Letter" does not establish SAMBA's right to proceeds of a settlement or judgment in an action by the Trust against Aramco, whether characterized as contract proceeds or tort proceeds.

---

[2] *See, e.g.,* Appellant Saudi American Bank's Reply Brief In Support Of Its Appeal Of The Bankruptcy Court's Denial Of Saudi American Bank's Motion To Intervene, March 23, 2007, at 2.

[3] *See* Adversary Proceeding No. 01-1120 ("Recovery Action"), D.I. #54 (Tab 47, A1801-A1802).) Tab and page references are to Saudi American Bank's Revised Record On Appeal.

[4] *See* Adversary Proceeding No. 02-03963-PJW ("Saudi Aramco Action"), D.I. #19 (Tab 15, A1330).)

[5] *Id.,* A1334 ("Payments hereunder shall only be made against invoices submitted by us and not otherwise.").

2

Significantly, to support intervention, SAMBA attached its agreement with BS&W and the "Specific Payment Instruction Letter" to its proposed Complaint In Intervention,[6] but now challenges the Bankruptcy Court's denial of intervention (and even tries to disqualify the Bankruptcy Court) for comparing SAMBA's conclusory allegations in its proposed Complaint In Intervention against the documents that allegedly underlay SAMBA's right to intervene. But, as the Bankruptcy Court found, the allegations and the documents do not jibe, and the Bankruptcy Court determined correctly that SAMBA had failed to establish a right to intervene. Rather than establishing a right to intervene, the Declaration actually acknowledges that SAMBA's pleadings were deficient, tries to downplay those deficiencies with incomprehensible jargon, but continues to ignore the absence of the assignment notice in "substantially the form" that SAMBA's agreement with BS&W required. Even with the Declaration, SAMBA's case for intervention is woefully deficient. But, in any event, SAMBA cannot try to bolster its case on appeal by creating evidence that SAMBA did not present to the Bankruptcy Court.

## LAW

It is hardly remarkable that, to support intervention, SAMBA's "proposed pleading must state a good claim for relief . . . ." 7C Chas. Alan Wright, Arthur R. Miller, *Federal Practice & Procedure ("Wright & Miller")*, § 1914 at 416 (2d ed. 1986); *see also Solien v. Miscellaneous Drivers & Helpers Union, Local No. 610*, 440 F.2d 124, 132 (8th Cir. 1971) ("Intervention as of right presupposes that the applicant has a right to maintain a claim for the relief sought . . . .").

SAMBA repeats the refrain that, in deciding if SAMBA had a good claim for relief, the Bankruptcy Court had no choice but to accept SAMBA's allegations as true. But SAMBA ignores the premise that a court "will not accept as true pleading allegations that are contradicted

---

[6] *Id.*, A1314-A1335.

. . . by . . . exhibits attached to or incorporated in the pleading." 5B *Wright & Miller*, § 1364 at 120-21 (3d ed. 2004); *see also Olpin v. Ideal Nat'l Ins. Co.*, 419 F.2d 1250, 1255 (10th Cir. 1969) ("[N]either the trial court nor this court is bound to accept mere legal conclusions or factual claims at variance with the express terms of the Bonus Fund Endorsement, itself, which is attached to the complaint as an exhibit and by reference made a part thereof."); *Berent v. Kemper Corp.*, 780 F. Supp. 431, 436 (E.D. Mich. 1991) ("[T]he Court is not bound to accept factual allegations which are at variance with the express terms of documents attached to Plaintiff's First Amended Complaint and by reference made a part thereof."); *Dryden v. Sun Life Assurance Co.*, 737 F. Supp. 1058, 1067 (S.D. Ind. 1989) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint.").

The absence of the notice of assignment from BS&W to Aramco in "substantially" the form required by the BS&W/SAMBA agreement remains unexplained. The Declaration tries to explain away the timing discrepancy (the "Specific Payment Instruction Letter" predates the "Assignment of Contract Proceeds" or the loan in question), with the flip excuse that "SAMBA lending officers routinely advise prospective borrowers . . . of the security arrangements that SAMBA requires to be in place prior to the Bank's grant of a requested credit facility" (Declaration, ¶ 4), but does not explain the lack of the required notice of assignment. The Declaration does not suggest that the required form was lost, excused, or unnecessary despite the plain language of the BS&W/SAMBA agreement that required it.

Under these facts, SAMBA has not established a basis to supplement the appellate record even under the Eleventh Circuit test that SAMBA cites in support of its cross-motion to supplement the record. First, the Eleventh Circuit acknowledges that it "[r]arely enlarge[s] the record on appeal to include material not before the district court which has labored without the

4

429.001-16376

benefit of the proffered material." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000).

Second, the Eleventh Circuit requires that "acceptance of the proffered material into the record would establish beyond any doubt the proper resolution of the pending issue." *Ross v. Kemp*, 785 F.2d 1467, 1475 (11th Cir. 1986) (citing *Dickerson v. Alabama*, 667 F.2d 1364, 1367 (11th Cir. 1982)). The Declaration does not pass muster under this test. At most, SAMBA attempts to explain (or confuse) the timing discrepancy by opining that SAMBA's lending officers "routinely advise" prospective borrowers of something that vaguely alludes to timing and attempts to explain when "legal rights" are assigned without establishing the declarant's authority to give legal opinions, but fails entirely to explain why SAMBA has yet to produce the document between BS&W and Aramco in "substantially" the form required by the BS&W/SAMBA agreement. Even if it supplemented the record with this Declaration, the Court still lacks "proffered material" that "would establish beyond any doubt the proper resolution of the pending issue."

Third, SAMBA has not complied with the most basic requirement to supplement the record under the Eleventh Circuit test: "We have refused to supplement the record when a party has filed supplemental material without requesting leave of this court or has appended material to an appellate brief without filing a motion to supplement." *Ross*, 785 F.2d at 1474-75. The Third Circuit, while declining to adopt the Eleventh Circuit's theory of an "inherent equitable power to supplement the record on appeal," agrees that the failure to seek leave to supplement the record on appeal is fatal to a later request for supplementation. *See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts*, 913 F.2d 89, 97 (3rd Cir. 1990).

SAMBA is not a *pro se* litigant. Experienced counsel, who have filed extensive briefing in this Court, and who presumably understand what is and is not a proper appellate record,

5

429.001-16376

represent SAMBA. Their citation to newly created evidence that is not cognizable on appeal is strategic, not oversight or error. The submission of the Declaration is an obvious attempt to disguise the shortcomings of SAMBA's proposed Complaint In Intervention. But in doing so, the attempt merely highlights the shortcomings of the proposed pleadings, and further supports the Bankruptcy Court's conclusion that SAMBA did not establish a basis to intervene.

WHEREFORE, the Trustee respectfully asks this Court to strike the Declaration, deny SAMBA's motion to supplement the record, and disregard SAMBA's arguments in reliance on the Declaration.

Dated: April 26, 2007
Wilmington, Delaware

LANDIS RATH & COBB LLP

*/s/ Kerri Mumford*

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 600
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Lorraine S. McGowen
Alyssa Englund
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103-0002
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

- and -

James E. Houpt
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814
Telephone: (916) 447-9200
Facsimile: (916) 329-4900

Counsel to the SWE&C Liquidating Trust

**CERTIFICATE OF SERVICE**

  I, Kerri K. Mumford, hereby certify that on this 26th day of April 2007, I caused a true and correct copy of the *Reply of the SWE&C Liquidating Trustee in Support of His Motion to Strike the Declaration of Sheheryar Ali; Opposition to Appellant Saudi American Bank's Cross Motion to Supplement the Record* to be filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

  Adam G. Landis (landis@lrclaw.com)
  Kerri King Mumford (mumford@lrclaw.com)
  Francis A. Monaco, Jr. (fmonaco@monlaw.com)
  Kevin J. Mangan (kmangan@monlaw.com)
  Dennis A. Meloro (melorod@gtlaw.com)

  I further certify that I have served the parties listed on the service list below in the manner indicated:

*First Class Mail*
John C. Hutchins, Esquire
Daniel E. Rosenfeld, Esquire
Amy B. Abbott, Esquire
Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Center
Boston, MA 02111

*First Class Mail*
Lorraine S. McGowen, Esquire
Alyssa Englund, Esquire
Orrick, Herrington & Sutcliff LLP
666 Fifth Avenue
New York, NY 10103-0002

*First Class Mail*
James E. Houpt, Esquire
Lynn Trinka Ernce, Esquire
Orrick, Herrington & Sutcliffe LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814

                  /s/ Kerri K. Mumford
                  Kerri K. Mumford (No. 4186)

429.001-16380