IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Bk. No. 00-02142 (PJW) |
| STONE & WEBSTER, INCORPORATED | ) | Jointly Administered |
| et al., | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |
| | ) | |
| SAUDI AMERICAN BANK | ) | Civil No. 06-399-SLR |
| | ) | |
| Appellant, | ) | |
| v. | ) | |
| | ) | |
| SAUDI ARABIAN OIL COMPANY, | ) | |
| STONE & WEBSTER, INC., STONE & | ) | |
| WEBSTER ENGINEERING CORP. and | ) | |
| SWE&C LIQUIDATING TRUSTEE, | ) | |
| | ) | |
| Appellees. | ) | |

## SAUDI AMERICAN BANK'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR STAY PENDING APPEAL

**Monzack & Monaco, P.A.**
Francis A. Monaco, Jr. (#2078)
Kevin Mangan (#3810)
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
(302) 656-8163

**Kirkpatrick & Lockhart Preston Gates Ellis LLP**
Daniel E. Rosenfeld
John C. Hutchins
Amy B. Abbott
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

Dated: May 9, 2007

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

I. NATURE AND STAGE OF THE PROCEEDING ............................................................ 1

II. SUMMARY OF THE ARGUMENT ................................................................................. 1

III. CONCISE STATEMENT OF FACTS .............................................................................. 2

IV. ARGUMENT ..................................................................................................................... 4

    A.   Under the Facts of this Case, it is Appropriate for the District Court to Resolve SAMBA's Motion for Stay ........................................................................ 4

    B.   SAMBA has Met its Burden of Showing that a Discretionary Stay is Warranted ............................................................................................................... 4

        1.   SAMBA has a Strong Likelihood of Success on the Merits of its Appeal ............................................................................................................ 5

        2.   SAMBA will Suffer Irreparable Harm in the Absence of a Stay .................................................................................................................. 6

        3.   The Court's Grating of a Stay Will Not Cause Substantial Harm to the Parties and is Not Contrary to Public Policy ............................ 7

V. CONCLUSION ................................................................................................................... 7

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Babco, Inc v. Markusic*,
   25 B.R. 325 (W.D. Pa. 1982) ............................................................................................ 1, 6

*In re Bankruptcy Appeal of Allegheny Health, Education and Research Foundation*,
   252 B.R. 309 (W.D. Pa. 1999) .......................................................................................... 1, 4

*Family Kingdom, Inc. v. EMIF New Jersey Limited Partnership*,
   225 B.R. 65 (D.N.J. 1998) .................................................................................................... 6

*In re Lee E. Mader*,
   100 B.R. 989 (D. Ill. 1989) ............................................................................................... 1, 5

*In re Smith*,
   34 B.R. 144 (Bankr. D. Vt. 1983) ......................................................................................... 7

## FEDERAL STATUTES AND RULES

28 U.S.C. § 158 .......................................................................................................................... 2

Fed. R. Civ. P. 62(g) .................................................................................................................. 4

Fed. R. Bankr. P. 8005 ............................................................................................................... 4

## I. NATURE AND STAGE OF THE PROCEEDING

Saudi American Bank ("SAMBA"), the movant for intervention in Adversary Proceeding No. 02-03963-PJW ("Saudi Aramco Proceeding"), filed this appeal under 28 U.S.C. § 158(a) from the May 1, 2006 Bankruptcy Court Order denying SAMBA's Motion to Intervene in the Saudi Aramco Proceeding. See Notice of Appeal [D.I. 1]. The parties have fully briefed the issues on appeal and the pertinent pleadings remain *sub judice*. See e.g. Appellant's Brief, Appellee's Answering Brief, Appellant's Reply Brief [D.I. 8, 10-11].

## II. SUMMARY OF THE ARGUMENT

1.  Bankruptcy Rule 8005 "explicitly contemplates . . . 'non-ordinary' occasions when it may be appropriate for the district court to review and resolve a motion for stay pending appeal in the first instance." See In re Bankruptcy Appeal of Allegheny Health, Education and Research Foundation, 252 B.R. 309, 321 (W.D. Pa. 1999) (granting motion for stay that was presented to District Court in first instance). SAMBA's Motion for Stay presents such an occasion.

2.  The District Court's issuance of a stay pending appeal is appropriate because SAMBA has established that (1) there is a strong likelihood of success on the merits of its appeal; (2) SAMBA will suffer irreparable injury unless the stay is granted; (3) neither the SWE&C Liquidating Trustee nor Saudi Aramco will suffer substantial harm if the stay is granted; and (4) the public interest will not be harmed if the stay is granted. See id. at 321 (discussing factors courts balance in determining whether to issue stay pending appeal); In re Lee E. Mader, 100 B.R. 989, 990 (D. Ill. 1989) (same); In re Babco, Inc v. Markusic, 25 B.R. 325, 327 (W.D. Pa. 1982) (same).

61611                                   1

III.  **CONCISE STATEMENT OF FACTS**

On May 1, 2006, the Bankruptcy Court issued an Order denying SAMBA's Motion to Intervene in the Saudi Aramco Proceeding. See Order [No. 02-03963-PJW, D.I. 50] (Tab 44, A01788).[1] SAMBA filed a Notice of Appeal under 28 U.S.C. § 158 and presented the following issues on appeal:

1. Whether the Bankruptcy Court erred in ruling that SAMBA is not entitled to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure.

2. Whether the Bankruptcy Court abused its discretion in ruling that SAMBA is not entitled to intervene permissively pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.

3. Whether the Bankruptcy Court applied the correct legal standards in denying SAMBA's Motion to Intervene.

4. Whether the Bankruptcy Court erred as a matter of law by not accepting as true, for purposes of deciding the Motion to Intervene, the well-pleaded material factual allegations contained in SAMBA's Motion to Intervene and Complaint-in-Intervention.

5. Whether the Bankruptcy Court erred in denying SAMBA's Motion to Intervene where the material factual allegations in the Motion to Intervene and the Complaint-in-Intervention are sufficient to establish, *prima facie*, a valid and enforceable assignment of contract proceeds.

6. Whether the Bankruptcy Court erred in denying SAMBA's Motion to Intervene on the ground that SAMBA's Complaint-in-Intervention may raise issues of foreign law.

7. Whether the Bankruptcy Court erred in denying SAMBA's Motion to Intervene where such denial effectively denies SAMBA an adequate forum to protect its interests.

8. Whether the Bankruptcy Court erred in denying SAMBA's Motion to Intervene where such denial substantially impairs SAMBA's ability to protect its interests.

---

[1] All citations to pages with an "A" prefix are to SAMBA's Revised Record on Appeal.

61611                                            2

9. Whether the Bankruptcy Court erred in denying SAMBA's Motion to Intervene based on the Court's statements concerning the enforceability of the Assignment of Contract Proceeds, when that issue was not before the Court.

10. Whether the Bankruptcy Court erred in denying SAMBA's Motion to Intervene based on the Court's statements concerning the enforceability of the Assignment of Contract Proceeds, where the parties to Adversary Proceeding No. 02-03963 failed to assert that the Assignment of Contract Proceeds was unenforceable and should therefore be estopped from arguing that the Assignment of Contract Proceeds is not valid and enforceable.

11. Whether the Bankruptcy Court erred in denying SAMBA's Motion to Intervene based on the Court's statements concerning the enforceability of the Assignment of Contract Proceeds, where the parties to Adversary Proceeding No. 02-03963 failed to assert that the Assignment of Contract Proceeds was unenforceable and therefore waived the argument that the Assignment of Contract Proceeds is not valid and enforceable.

12. Whether the Bankruptcy Court erred in commenting on the merits of the dispute.

13. Whether the Bankruptcy Court's decision denying SAMBA's Motion to Intervene was arbitrary and capricious.

14. Whether the Bankruptcy Judge should be disqualified and this case reassigned to another Bankruptcy Judge upon remand.

15. Whether the Bankruptcy Judge's impartiality might reasonably be questioned based on the record in this Adversary Proceeding and the comments made at the hearing on SAMBA's Motion to Intervene.

16. Whether the Bankruptcy Judge's impartiality might reasonably be questioned based on the record in this Adversary Proceeding and the record in all of the related proceedings.

See Notice of Appeal [D.I. 1]; Designation of Record and Statement of Issues [D.I. 3].

On May 1, 2007, the SWE&C Liquidating Trustee filed a Status Report in the Saudi Aramco Proceeding stating "[t]he parties to this adversary proceeding have agreed to the terms of a settlement. The parties need only to complete documentation of the settlement." See Status Report for Adversary Proceeding [No. 02-03963-PJW, D.I. 60],

61611                                        3

attached hereto as Exhibit 1. The Status Report further states that "[t]he SWE&C Liquidating Trustee believes that documentation of the settlement will be complete, and that the SWE&C Liquidating Trust will be able to <u>seek dismissal of this proceeding, within the next few weeks</u>." <u>Id.</u> (emphasis added).

**IV.    ARGUMENT**

    A.   <u>Under the Facts of this Case, it is Appropriate for the District Court to Resolve SAMBA's Motion for Stay</u>

As set forth above, following the Bankruptcy Court's denial of SAMBA's Motion to Intervene in the Saudi Aramco Proceeding, SAMBA raised sixteen issues on appeal, including issues as to whether the Bankruptcy Judge should be disqualified, whether the Bankruptcy Judge's impartiality might reasonably be questioned and whether the Adversary Proceeding should be reassigned to a different Judge upon remand. <u>See</u> Designation of Record and Statement of Issues [D.I. 3]. Given the nature of SAMBA's appeal and the issues raised, it is appropriate for the District Court to review and resolve SAMBA's Motion for Stay Pending Appeal in the first instance. <u>See</u> <u>In re Bankruptcy Appeal of Allegheny Health, Education and Research Foundation</u>, 252 B.R. at 320-21 (discussing Rule 8005's explicit allowance for district courts to resolve a motion for stay in the first instance); Fed. R. Bankr. P. 8005. Accordingly, SAMBA requests that the District Court grant the requested relief and preserve the status quo pending appeal pursuant to Bankruptcy Rule 8005 and Rule 62 of the Federal Rules of Civil Procedure. <u>See</u> Fed. R. Bankr. P. 8005; Fed. R. Civ. P. 62(g).

    B.   <u>SAMBA has Met its Burden of Showing that a Discretionary Stay is Warranted</u>

This Court should stay the Saudi Aramco Proceeding pending final appellate review of SAMBA's right to intervene because (a) SAMBA has a likelihood of success

61611                                                            4

on the merits of its appeal; (b) SAMBA will be irreparably harmed if the stay is denied; (c) issuance of a stay will not substantially injure the other parties interested in this proceeding; and (d) there will be no harm to the public interest if a stay is granted. See In re Lee E. Mader, 100 B.R. at 991 (granting stay of bankruptcy order pending appeal to district court).

1. SAMBA has a Strong Likelihood of Success on the Merits of its Appeal

As more fully discussed in SAMBA's Opening Brief in Support of its Appeal of the Bankruptcy Court's Denial of SAMBA's Motion to Intervene [D.I. 8], SAMBA's Reply Brief [D.I. 11] and the Declaration of S. Ali filed in Support of SAMBA's Reply [D.I. 12], SAMBA holds a valid, enforceable and irrevocable assignment ("Assignment") of all proceeds of a contract at issue in the Saudi Aramco Proceeding, namely the In-Kingdom Contract,[2] including all claims arising out of the In-Kingdom Contract. See Specific Payment Instruction Letter (Tab 15, A01334-35); Acknowledgement of Assignment (Id., A01337); Assignment (Id., A01330-32); 2002 Confirmation Letter (Id., A01341). SAMBA's contractual right under the Assignment to the proceeds of the In-Kingdom Contract, along with Saudi Arabian Oil Company's ("Saudi Aramco") acknowledgment of those rights, entitles SAMBA to receive all payments made by Saudi Aramco in connection with the In-Kingdom Contract. See id.; see generally Appellant's Brief, D.I. 8; Appellant's Reply Brief, D.I. 11. As such, SAMBA has a sufficient and direct interest in the In-Kingdom Contract to support intervention in the Saudi Aramco Proceeding. See id. Accordingly, it is likely that this Court will find that the Bankruptcy

---

[2] The Trustee has conceded that the In-Kingdom contract is an underlying contract at issue in the Saudi Aramco Proceeding. See SWE&C Trust's Opp'n at 7 n3 [D.I. 10].

61611                                                                  5

Court erred in denying SAMBA's Motion to Intervene. See Family Kingdom, Inc. v. EMIF New Jersey Limited Partnership, 225 B.R. 65, 73-75 (D.N.J. 1998) (granting motion to stay pending appeal because appellant likely to prevail on showing of reversible error).

### 2. SAMBA will Suffer Irreparable Harm in the Absence of a Stay

SAMBA's interests in the Saudi Aramco Proceeding will be irreparably harmed if the Bankruptcy Court allows the parties to execute settlement documents and dismiss the Adversary Proceeding prior to appellate review of SAMBA's right to intervene. A settlement between the SWE&C Liquidating Trust and Saudi Aramco would render SAMBA's appeal (and Complaint-in-Intervention) moot, thereby depriving SAMBA of its rights under the Assignment to receive all proceeds of the In-Kingdom Contract. In addition, at this stage of the proceeding, SAMBA may not have sufficient standing to object to a proposed settlement by the parties or to assert its rights in the context of a settlement proceeding. See April 25, 2006 Tr. at 21-23 [No. 02-03963-PJW, D.I. 54] (Tab 47, A01816-01819). A stay pending appellate review will serve to protect SAMBA's rights as a party in interest and prevent the SWE&C Liquidating Trust and Saudi Aramco from circumventing SAMBA's contractual rights.[3] Accordingly, an immediate stay of Adversary Proceeding No. 02-03963-PJW is necessary to protect SAMBA's rights. See In re Babco Inc., 25 B.R. at 327-28 (finding irreparable injury

---

[3] As discussed in SAMBA's Opening Brief in Support of its Appeal, in October of 2002, Debtors' counsel made a statement to the effect that Debtors intended to circumvent SAMBA's rights under the Assignment of Contract Proceeds and to damage SAMBA by means of a proposed settlement among Debtors, Saudi Aramco and Abdullah Said Bugshan. See Opening Brief at 11-12 [D.I. 8].

61611                                                                 6

because in absence of stay on appeal, transaction would be completed and appellant would lose major asset of estate if appellant prevailed on appeal).

    3.  The Court's Grating of a Stay Will Not Cause Substantial Harm to the Parties and is Not Contrary to Public Policy

SAMBA is seeking to maintain the status quo until the District Court determines whether SAMBA has a right to participate in and assert its contractual rights in the Saudi Aramco Proceeding. As such, the SWE&C Liquidating Trust's and Saudi Aramco's interests will be fully protected and preserved if a stay is issued by this Court. Similarly, the public's interest would not be harmed by the Court's issuance of a stay pending appeal. As stated above, SAMBA is seeking merely to maintain the status quo until the District Court determines whether SAMBA has a right to intervene in Adversary Proceeding No. 02-03963-PJW. The Court's granting of a stay will preserve the status quo and the rights of all the interested parties. See In re Smith, 34 B.R. 144, 146 (Bankr. D. Vt. 1983) (stating purpose of stay under Rule 805 is to preserve the status quo and protect the rights of all parties in interest). Accordingly, this Court should stay Adversary Proceeding No. 02-03963-PJW pending final appellate review of SAMBA's right to intervene. See id.

## V. CONCLUSION

For the reasons set forth above, SAMBA respectfully requests that this Court (i) stay Adversary Proceeding No. 02-03963-PJW pending final appellate review of the Bankruptcy Court's May 1, 2006 Order denying SAMBA's Motion to Intervene; and (ii) grant SAMBA such other and further relief as is just and proper.

Respectfully submitted,

SAUDI AMERICAN BANK,
By its attorneys,

/s/ Kevin Mangan

Francis A. Monaco, Jr. (#2078)
Kevin Mangan (#3810)
Monzack & Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
(302) 656-8163

Of Counsel:
Daniel E. Rosenfeld
John C. Hutchins
Amy B. Abbott
Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

Dated: May 9, 2007

61611                                    8

**Exhibit 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| STONE & WEBSTER, INC., et al.,[1] | Case No. 00-2142 (PJW) |
| Debtors. | (Jointly Administered) |
| STONE & WEBSTER, INCORPORATED,[2] | Adv. Pro. No. 02-03963 (PJW) |
| Plaintiff, | |
| vs. | |
| SAUDI ARABIAN OIL COMPANY, | |
| Defendant. | |

## STATUS REPORT FOR ADVERSARY PROCEEDING

**STATUS E**

The parties to this adversary proceeding have agreed to the terms of a settlement. The parties need only to complete documentation of the settlement. Accordingly, the SWE&C Liquidating Trust respectfully requests that this adversary proceeding remain open pending finalization and execution of the settlement documents. The SWE&C Liquidating Trust believes that documentation of the settlement will be complete, and that the SWE&C Liquidating Trust

---

[1] The Debtors are the Consolidated SWINC Estate and the Consolidated SWE&C Estate. As more particularly set forth in Article VII (B) of the Third Joint Plan, certain debtor subsidiaries of Stone & Webster, Incorporated are merged into Stone & Webster, Incorporated, and their estates have been substantively consolidated to become the Consolidated SWINC Estate; and certain debtor subsidiaries of Stone & Webster Engineers and Constructors, Inc. are merged into Stone & Webster Engineers & Constructors, Inc., and their estates have been substantively consolidated to become the Consolidated SWE&C Estate.

[2] On March 12, 2004, the SWE&C Liquidating Trust filed a Notice of Substitution of Parties and of Counsel, which reflected that the SWE&C Liquidating Trust is the plaintiff in this adversary and that the undersigned counsel is representing the SWE&C Liquidating Trust in this matter.

429.001-16435.DOC

will be able to seek dismissal of this proceeding, within the next few weeks.

Dated: Wilmington, Delaware  
       May 1, 2007

LANDIS RATH & COBB LLP

*/s/ Kerri Mumford*

Adam G. Landis (No. 3407)  
Kerri K. Mumford (No. 4186)  
919 Market Street, Suite 600  
Wilmington, DE 19801  
(302) 467-4400

    - and -

ORRICK, HERRINGTON & SUTCLIFFE LLP  
Lorraine McGowen  
666 Fifth Avenue  
New York, NY 10103  
(212) 506-5000

    - and -

ORRICK, HERRINGTON & SUTCLIFFE LLP  
James E. Houpt  
400 Capitol Mall, Suite 3000  
Sacramento, CA 95814  
(916) 447-9200

Co-Counsel to the SWE&C Liquidating Trust

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Bk. No. 00-02142 (PJW) |
| STONE & WEBSTER, INCORPORATED <u>et</u> <u>al</u>., | ) | Jointly Administered |
| | ) | |
| Debtors | ) | |
| | ) | |
| SAUDI AMERICAN BANK | ) | Civil No. 06-399-SLR |
| | ) | |
| Appellant, | ) | |
| v. | ) | |
| | ) | |
| SAUDI ARABIAN OIL COMPANY, STONE & WEBSTER, INC., STONE & WEBSTER ENGINEERING CORP. and SWE&C LIQUIDATING TRUSTEE, | ) | |
| | ) | |
| Appellees. | ) | |

## CERTIFICATE OF SERVICE

I, Heidi E. Sasso, certify that I am not less than 18 years of age, and that service of the foregoing documents was made on **May 9, 2007** upon:

**Via Hand Delivery and Electronic Mail**
Adam G. Landis, Esquire
Kerri K Mumford, Esquire
Landis Rath & Cobb LLP
919 Market Street, Suite 600
Wilmington, Delaware 19801

Document #: 61612

Dennis Anthony Meloro, Esquire
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7000
Fax: (302) 661-7360
Email: melorod@gtlaw.com


**Via US MAIL and Electronic Mail**
Lorraine S. McGowen, Esquire
Orrick Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103

James Houpt, Esquire
Orrick Herrington & Sutcliffe LLP
400 Capital Mall, Ste. 3000
Sacramento, CA 95814

      Under penalty of perjury, I declare that the foregoing is true and correct.


<u>May 9, 2007</u>                      __/s/ Heidi E. Sasso_____
Date                                          Heidi E. Sasso