# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| STONE & WEBSTER, INC., *et al.*,[1] | Case No. 00-2142 (PJW) |
| Debtors. | Jointly Administered |

| | |
|---|---|
| SAUDI AMERICAN BANK | Civil No. 06-399-SLR |
| Appellant, | |
| - against – | |
| STONE & WEBSTER, INCORPORATED, STONE & WEBSTER ENGINEERING CORP., and SWE&C LIQUIDATING TRUST, | |
| Respondent. | |

## ANSWERING BRIEF OF THE SWE&C LIQUIDATING TRUSTEE IN OPPOSITION TO SAUDI AMERICAN BANK'S MOTION FOR STAY PENDING APPEAL

---

[1] The Debtors are the Consolidated SWINC Estate and the Consolidated SWE&C Estate. As more particularly set forth in Article VII(B) of the Third Amended Joint Plan of the Debtors in Possession, the Official Committee of Unsecured Creditors, Federal Insurance Company, Maine Yankee Atomic Power Company, and the Official Committee of Equity Security Holders with Respect to (I) Stone & Webster, Incorporated and Certain of its Subsidiaries and Affiliates and (II) Stone & Webster Engineers and Constructors, Inc. and Certain of Its Subsidiaries ("Joint Plan"), certain debtor subsidiaries of Stone & Webster, Incorporated are merged into Stone & Webster, Incorporated, and their estates have been substantively consolidated to become the Consolidated SWINC Estate; and certain debtor subsidiaries of Stone & Webster Engineers and Constructors, Inc. are merged into Stone & Webster Engineers and Constructors, Inc., and their estates have been substantively consolidated to become the Consolidated SWE&C Estate.

OHS West:260237522.1

# TABLE OF CONTENTS

Page

I. FACTUAL DISCUSSION ...........................................................................................................1

II. LEGAL DISCUSSION ..............................................................................................................4

     A.     SAMBA's Motion For Stay Should Fail Because SAMBA's Did Not Seek A Stay From The Bankruptcy Court, Or Explain Why SAMBA Did Not Do So. ..............5

     B.     SAMBA's Motion For Stay Should Fail Because The Mooting Of SAMBA's Appeal In The Absence Of A Stay Is Not Irreparable Injury. .................................6

     C.     SAMBA's Motion For Stay Should Fail Because Of The High Likelihood Of Substantial Injury To Other Unsecured Creditors. ..................................................7

     D.     SAMBA's Motion For Stay Should Fail Because A Stay Would Confound The Bankruptcy Code's Protections And Harm The Public Interest.      9

III.  CONCLUSION.....................................................................................................................11

# TABLE OF AUTHORITIES

## CASES

Page

*Babco, Inc. v. Markusic (In re Babco, Inc.)*,
    25 B.R. 325 (W.D. Pa. 1982) ...........................................................................5, 8

*Family Kingdom, Inc. v. EMIF New Jersey Ltd. P'ship (In re Family Kingdom, Inc.)*,
    225 B.R. 65 (D.N.J. 1998) ...............................................................................4, 7

*In re 203 N. LaSalle St. P'ship*,
    190 B.R. 595 (N.D. Ill. 1995) ............................................................................6

*In re Adelphia Commc'ns*,
    333 B.R. 649 (S.D.N.Y. 2005)...........................................................................4

*In re Baldwin United Corp.*,
    45 B.R. 385 (Bankr. S.D. Ohio 1984)..............................................................4, 7

*In re Baltic Assocs., L.P.*, No. 93-MC-303,
    1993 U.S. Dist. LEXIS 18359 (E.D. Pa. Dec. 29, 1993) ....................................6

*In re Charter Co.*,
    72 B.R. 70 (Bankr. M.D. Fla. 1987) ...............................................................6, 8

*In re Deep*,
    288 B.R. 27 (N.D.N.Y. 2003) ............................................................................4

*In re Great Barrington Fair & Amusement, Inc.*,
    53 B.R. 237 (Bankr. D. Mass. 1985) ..................................................................6

*In re Mader*,
    100 B.R. 989 (D. Ill. 1989) ...............................................................................4

*In re Smith*,
    34 B.R. 144 (Bankr. D. Vt. 1983) ......................................................................9

*In re Smoldt*,
    68 B.R. 533 (Bankr. N.D. Iowa 1986) ..............................................................10

*In re Trans World Airlines, Inc.*, No. 01-0056,
    2001 Bankr. LEXIS 722 (Bankr. D. Del. March 16, 2001) ..................................4

*In re Wilson*,
    53 B.R. 123 (D. Mont. 1985) ..........................................................................4, 6

*Jarboe v. Yukon Nat'l Bank (In re Porter)*,
    54 B.R. 81 (Bankr. N.D. Okla. 1985) ..............................................................4, 9

## TABLE OF AUTHORITIES

### CASES
### (Contd.)

Page

*Official Comm. of Unsecured Creditors v. Columbia Gas Sys, Inc.*
  *(In re Columbia Gas Sys., Inc.)*, No. 92-127-SLR,
  1992 U.S. Dist. LEXIS 3253 (D. Del. March 10, 1992)..................................................8, 9

*Ohanian v. Irwin (In re Irwin)*,
  338 B.R. 839 (E.D. Cal. 2006)...................................................................................4, 6, 7

*Pavy v. Ardoin (In re Norman)*,
  74 B.R. 7 (Bankr. W.D. La. 1986)....................................................................................8

*Zahn Farms v. KeyBank of New York*,
  206 B.R. 643 (B.A.P. 2d Cir. 1997)..................................................................................5

## STATUTES, RULES

11 U.S.C. § 506..............................................................................................................10

Fed. R. Bankr. P. 8005 ..................................................................................................5, 8

Fed. R. Evid. 408 ...............................................................................................................8

The SWE&C Liquidating Trustee ("Trustee"), on behalf of the SWE&C Liquidating Trust ("Trust"), as successor-in-interest to plaintiff Stone & Webster Engineering Corporation ("SWEC"), submits this answering brief to Saudi American Bank's Motion For Stay Pending Appeal ("Motion To Stay"). In opposition thereto, the Trust states as follows:

## I. FACTUAL DISCUSSION

Nowhere is the lack of clarity in Saudi American Bank's theories more evident than in its Motion For Stay. Saudi American Bank ("SAMBA") settled any claims against SWEC for a $1 million cash payment and a $2.5 million *unsecured* claim against the SWE&C Trust.[2] SAMBA cannot argue now that it has a secured claim that it did not bargain for, give notice of, or supported with any evidence. And SAMBA cannot argue that it has any cause of action against the SWE&C Trust because SAMBA released those claims.[3]

Instead, SAMBA now appears to allege that it has a cause of action against Saudi Arabian Oil Company ("Aramco"), *should Aramco pay the SWE&C Trust* under any settlement between the SWE&C Trust and Aramco – despite SAMBA's failure to submit any document showing that it has a binding agreement with Aramco or SWEC to pay any settlement proceeds to SAMBA. As discussed more fully in the Respondent's Brief – and as the Bankruptcy Court found – SAMBA has produced nothing more than a "Specific Payment Instruction Letter" by Bugshan S&W Company, Ltd. ("BS&W") – not SWEC – and an acknowledgment by Aramco, to deposit payments made pursuant to invoice from BS&W in a specific SAMBA branch.[4]

---

[2] Saudi American Bank's Revised Record On Appeal ("RROA"), Tab 37, A1628, ¶¶ 1, 2.

[3] *Id.*, A1628-1629, ¶ 5.

[4] Brief Of Respondent SWE&C Liquidating Trustee In Opposition To Saudi American Bank's Appeal Of The Bankruptcy Court's Denial Of Saudi American Bank's Motion To Intervene, March 2, 2007 (D.I. #10), at 6-8.

Significantly, SAMBA remains silent on its failures (1) to provide the "Assignment of Contract Proceeds" that it allegedly required of BS&W as a condition to loaning money, (2) to explain how any such assignment would affect SWEC's (rather than BS&W's) right to recover from Aramco; or (3) to show a right of action against Aramco based on an "acknowledgment" that lacks any factual evidence or legal authority that the acknowledgment is a binding and enforceable agreement between SAMBA and Aramco. Therefore, SAMBA cannot show the substantial likelihood of success it needs to justify a stay.[5]

But if SAMBA has a right of action against Araamco despite the lack of any factual or legal support for it, SAMBA has every right to vindicate that right in Saudi Arabia – its home turf. By its silence when challenged by the Bankruptcy Court,[6] and by its failure to refute the point in any of its briefing in this Court, SAMBA has conceded that it could seek relief in Saudi Arabia. Therefore, SAMBA lacks the necessary irreparable injury to support a stay.

_____

[5] In fact, even SAMBA's Motion For Stay continues to concede that its Complaint In Intervention is facially inadequate. SAMBA tacitly argues that it states a claim only when accompanied by the conclusory declaration of a SAMBA official – a declaration that SAMBA did not provide to the Bankruptcy Court, and filed without leave in this Court along with its Reply Brief:

> As more fully discussed in SAMBA's Opening Brief in Support of its Appeal of the Bankruptcy Court's Denial of SAMBA's Motion to Intervene [D.I. 8], SAMBA's Reply Brief [D.I. 11] *and the Declaration of S. Ali filed in support of SAMBA's Reply* [D.I. 12], SAMBA holds a valid, enforceable and irrevocable assignment ("Assignment") of all proceeds of a contract at issue in the Saudi Aramco Proceeding, namely the In-Kingdom Contract, including all claims arising out of the In-Kingdom Contract.

(Saudi American Bank's Opening Brief In Support Of Its Motion For Stay Pending Appeal, May 9, 2007 ("Stay Brief") at 5 (emphasis added).) As the SWE&C Trust has demonstrated already, SAMBA had no right on appeal to try explaining away the deficiencies of its case for intervention when it failed to present that alleged evidence to the Bankruptcy Court. (*See* Memorandum Of The SWE&C Liquidating Trustee In Support Of Its Motion To Strike The Declaration Of Sheheryar Ali In Support Of Saudi American Bank's Reply Brief, April 10, 2007 (D.I. #15).

[6] RROA, Tab 47, A1808-A1816.

SAMBA has no claim at all if it prevails in the appeal of the Shaw Group, Inc. ("Shaw") from this Court's judgment that Shaw assumed SWEC's guarantee of BS&W's debt to SAMBA. Indeed,in its settlement agreement with SWEC, SAMBA contractually agreed that  SAMBA's allowed claim against the SWE&C Trustwill be reduced by SAMBA's recovery from Shaw. Given SAMBA'S judgment against Shaw entered by this Court, SAMBA should retain any unsecured claim against the SWE&C Trust.[7]  Even if SAMBA loses on its appeal against Shaw, at most SAMBA only has an allowed $2.5 million unsecured claim against the SWE&C Trust. Any settlement between the SWE&C Trust and Aramco will only help SAMBA (and other creditors) by augmenting recoveries and, in turn, distributions to creditors holding allowed claims against the SWE&C Trust.  As a mere unsecured creditor (for the time being anyway), SAMBA cannot use the devices of intervention and stay to gain the advantages of a secured creditor, placing itself ahead of all other unsecured creditors.  Such a result would be contrary to the Bankruptcy Code and not in the public interest, and could not justify a stay.

However, if SAMBA's continued meddling upsets the Aramco settlement because the SWE&C Trust is unable to dismiss the underlying adversary proceeding,[8] SAMBA will deny the benefit of the settlement to all creditors.  Therefore, if SAMBA is correct that it deserves a stay despite its unlikelihood of success, its failure to show irreparable injury from the denial or a stay, or the damage to the public interest from the grant of a stay, SAMBA should not get that stay without posting a bond for the full amount of the settlement that it may deny to other creditors.

SAMBA's Motion For Stay must fail for a more basic reason:  though a discretionary stay pending appeal is an extraordinary and rarely granted remedy, the movant must present the

---

[7]  RROA, Tab 37, A1629, ¶ 7.

[8]  *See* Declaration Of James E. Houpt In Opposition To Saudi American Bank's Motion For Stay Pending Appeal, May 22, 2007 ("Houpt Declaration"), ¶¶ 5, 6.

motion first to the Bankruptcy Court, or explain why it did not. SAMBA did neither. SAMBA's Motion For Stay does not satisfy even the threshold requirement for seeking a stay.

## II. LEGAL DISCUSSION

SAMBA correctly asserts that a stay pending appeal requires: (1) a likelihood of success on the merits of its appeal, (2) irreparable injury to SAMBA if the stay is denied; (3) no substantial injury to other interests parties if a stay issues; and (4) no harm to the public interest by granting the stay. (Stay Brief at 4-5 (citing *In re Mader*, 100 B.R. 989, 991 (D. Ill. 1989)).) "[P]roper judgment under Rule 8005 entails a delicate balancing of all elements." *In re Trans World Airlines, Inc.*, No. 01-0056, 2001 Bankr. LEXIS 722 at *5 (Bankr. D. Del. March 16, 2001) (internal quotation marks omitted).

Put more bluntly, as SAMBA's own legal authority says, a "motion for stay pending appeal is in the nature of extraordinary relief necessitating a substantial showing on the part of the [movant]." *In re Mader*, 100 B.R. at 990; *see also In re Adelphia Commc'ns*, 333 B.R. 649, 659 (S.D.N.Y. 2005) ("A party seeking a stay pending appeal carries a heavy burden."); *In re Wilson*, 53 B.R. 123, 124 (D. Mont. 1985) (observing that "case law indicates that stay of a final order is not to be lightly granted"); *In re Baldwin United Corp.*, 45 B.R. 385, 386 (Bankr. S.D. Ohio 1984) (characterizing stay as requiring a "stringent burden of proof"). SAMBA's failure to satisfy even one prong of the standard for granting a stay pending appeal "dooms the motion." *Ohanian v. Irwin (In re Irwin)*, 338 B.R. 839, 843 (E.D. Cal. 2006) (quoting *In re Deep*, 288 B.R. 27, 30 (N.D.N.Y. 2003)). SAMBA fails on these factors – and it fails to jump even the initial hurdle to obtain the extraordinary relief of a stay.[9]

---

[9] The SWE&C Trustee does not address likelihood of success further given the contradictions discussed in the Factual Discussion above, and the extensive briefing by both parties on the issue. Suffice it to say that a failure to show a likelihood of success is fatal to a motion for stay, despite any showing on other factors. *See, e.g., Family Kingdom, Inc. v. EMIF New Jersey Ltd.*

A.    **SAMBA's Motion For Stay Should Fail Because SAMBA's Did Not Seek A Stay From The Bankruptcy Court, Or Explain Why SAMBA Did Not Do So.**

Before getting to the merits of its Motion For Stay, SAMBA had to clear an unavoidable procedural hurdle:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge . . . for . . . relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. . . . A motion for such relief . . . may be made to the district court . . ., but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge.

Fed. R. Bankr. P. 8005. Rather than trying to jump this hurdle, SAMBA argues simplistically and without relevant legal support that "it is appropriate for the District Court to review and resolve SAMBA's Motion for Stay Pending Appeal in the first instance." (Stay Brief at 4.)

SAMBA's reasoning does not withstand scrutiny. Courts invariably require far more explanation. *Zahn Farms v. KeyBank of New York*, 206 B.R. 643, 644 (B.A.P. 2d Cir. 1997) ("We are of the view that we may not consider the merits of the request for a stay pending appeal, because by their own admission, the Debtors have not complied with the duty imposed by FRBP 8005 to present the request for stay first to the bankruptcy judge from whose order the appeal is taken."); *cf. Babco, Inc. v. Markusic (In re Babco, Inc.)*, 25 B.R. 325, 327 (W.D. Pa. 1982) (deciding stay under former Bankruptcy Act; "It should be noted that Rule 805 provides that the party requesting the stay in the district court must show why the relief was not obtained from the Bankruptcy Court. Babco has satisfied this requirement by attaching to its motion the Bankruptcy Court's opinion and order, which deny its request for an injunction in this

---

*P'ship (In re Family Kingdom, Inc.)*, 225 B.R. 65, 69 n.6 (D.N.J. 1998) (rejecting argument that an "affirmative showing on the three other factors" allows a "relaxed" showing on likelihood of success; "[T]his is not the rule for preliminary injunctions in the Third Circuit."); *Jarboe v. Yukon Nat'l Bank (In re Porter)*, 54 B.R. 81, 82 (Bankr. N.D. Okla. 1985) ("Without a substantial indication of probable success on appeal a court should not issue a stay as there is no justification for a court's intrusion into the normal process of administration and judicial review.").

instance.")..  The requirement to present the matter to the Bankruptcy Court, or explain a cogent

reason for not doing so, goes to the heart of appellate review:

> [A]n appellate panel (or a district court sitting as such), by generally staying
> enforcement of a bankruptcy court judge judgment pending appeal, departs from
> fundamental principles of appellate review and unnecessarily assumes
> responsibilities ordinarily reserved to the trial court, where the party requesting
> relief is not only unable to demonstrate any abuse of discretion by the trial judge,
> but also is unable to show that issue of a stay pending appeal was presented to the
> trial judge.

*In re Wilson*, 53 B.R. at 124

The failure to satisfy the prerequisite of presenting the Motion For Stay to the Bankruptcy

Court, or explain why SAMBA failed to do so (rather than subtly implying the Bankruptcy Court

is biased – a charge that SAMBA has yet to prove), SAMBA's Motion For Stay should not

proceed further.  *See*, *e.g.*, *In re Baltic Assocs., L.P.*, No. 93-MC-303, 1993 U.S. Dist. LEXIS

18359 at *3 (E.D. Pa. Dec. 29, 1993) (concluding that "the [movant's] motion may be denied on

this basis alone" where movant failed to state basis for denial); *In re Wilson*, 53 B.R. at 124.

**B.     SAMBA's Motion For Stay Should Fail Because The Mooting Of SAMBA's
Appeal In The Absence Of A Stay Is Not Irreparable Injury.**

To show irreparable harm, SAMBA argues only that a settlement between Aramco and

the SWE&C Trust "would render SAMBA's appeal (and Complaint-in-Intervention) moot,

thereby depriving SAMBA of its rights under the Assignment to receive all proceeds of the In-

Kingdom Contract."  (Stay Brief at 6.)  SAMBA is incorrect that either argument satisfies its

burden of showing irreparable injury.

"It is well settled that an appeal being rendered moot does not itself constitute irreparable

harm."  *In re Irwin*, 338 B.R. at 853 (quoting *In re 203 N. LaSalle St. P'ship*, 190 B.R. 595, 598

(N.D. Ill. 1995)); *In re Charter Co.*, 72 B.R. 70, 71 (Bankr. M.D. Fla. 1987) ("In this regard,

Syntex argues primarily that consummation of the Settlement Agreement during the pendency of

Syntex's appeal may render that appeal moot.  That argument, however, is insufficient by itself

to establish irreparable injury."); *In re Great Barrington Fair & Amusement, Inc.*, 53 B.R. 237, 240 (Bankr. D. Mass. 1985) (rejecting argument that an "appeal will be rendered moot" by the denial of a stay); *In re Baldwin United Corp.*, 45 B.R. at 386 (finding no irreparable injury where movant claims "that only a stay will prevent their appeal from being moot").

As SAMBA conceded by its continuing silence, if SAMBA has a claim against Aramco for paying a settlement (despite the lack of any factual or legal support for such a claim), SAMBA can vindicate its right in Saudi Arabia's courts. That fact again defeats any showing of irreparable injury. *See, e.g.*, *In re Family Kingdom, Inc.*, 225 B.R. at 75 (finding no harm where "the alleged 'harm' can be remedied in the form of money damages"); *In re Irwin*, 338 B.R. at 854 (finding no irreparable harm where "[t]he only harms [movant] has put forth are economic in nature"). SAMBA may be in a better position to coerce concessions from Aramco or the SWE&C Trust if SAMBA can impede any settlement, but that does not suffice as irreparable injury. *See, e.g.*, *In re Irwin*, 338 B.R. at 854 ("Loss of bargaining power or negotiating position doe snot constitute irreparable harm.").

The harm that SAMBA must show is "a significant threat of irreparable injury"; failing that, SAMBA's motion for stay must fail even if it could prevail on satisfying any other prong of the test for a stay. *See, e.g.*, *In re Irwin*, 338 B.R. at 854 ("As appellant cannot show the threat of irreparable injury under any standards, Appellant's motion for stay can be denied on this basis alone.").

## C.    SAMBA's Motion For Stay Should Fail Because Of The High Likelihood Of Substantial Injury To Other Unsecured Creditors.

If SAMBA prevails in Shaw's appeal from this Court's award of damages SAMBA unquestionably has no claim in the underlying adversary proceeding by the SWE&C Trust against Aramco. But if SAMBA frustrates the hoped-for settlement between the SWE&C Trust and Aramco in the meantime, SAMBA will prevent the recovery of this asset, and the improved

distribution to hundreds of creditors. On the other hand, if SAMBA does not prevail in Shaw's appeal but still frustrates a settlement, SAMBA will hurt not only the hundreds of creditors who will benefit from the settlement, but its own recovery on its $2.5 million allowed, unsecured claim. (*See* Houpt Declaration, ¶¶ 5, 6.)

Either way, SAMBA's actions threaten a substantial injury to other creditors of the SWE&C Trust, and require that the Motion For Stay be denied. *See, e.g., In re Charter Co.*, 72 B.R. at 72 (denying stay where "other parties will suffer substantial harm if a stay pending appeal is granted"). But if this Court were disposed to grant the Motion To Stay nonetheless, the SWE&C Trustee respectfully asks that the Court require, at a minimum, a bond from SAMBA to protect other creditors from the loss of the settlement. The Federal Rules of Bankruptcy Procedure contemplate that the Court:

> may suspend or order the continuation of other proceedings in the case under the Code . . . on such terms as will protect the rights of all parties in interest. . . . The district court . . . may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court.

Fed. R. Bankr. P. 8005; *see also Pavy v. Ardoin (In re Norman)*, 74 B.R. 7, 8 (Bankr. W.D. La. 1986) ("Bankruptcy Rule 8005 gives the bankruptcy court the discretion to make an appropriate order during the pendency of an appeal to protect the rights of all parties in interest.").

The SWE&C Trustee is reluctant to disclose the amount of the proposed settlement while settlement remains the subject of confidential negotiations, and subject to the protection of Rule 408, Federal Rules of Evidence. Nevertheless, if the Court were disposed to grant a stay, the SWE&C Trustee would seek Aramco's authority to disclose the amount of the nascent settlement, and would ask the Court to protect creditors by compelling SAMBA to post a bond in the amount of the settlement and "protect non-appealing parties from any loss occasioned by a stay." *Official Comm. of Unsecured Creditors v. Columbia Gas Sys, Inc. (In re Columbia Gas Sys., Inc.)*, No. 92-127-SLR, 1992 U.S. Dist. LEXIS 3253 at *2 (D. Del. March 10, 1992); *In re*

*Babco, Inc.*, 25 B.R. 325, 327 (D. Pa. 1982) ("The district court may condition the relief it grants under this rule upon the filing of a bond or other appropriate security with the referee.").

**D.      SAMBA's Motion For Stay Should Fail Because A Stay Would Confound**
**        The Bankruptcy Code's Protections And Harm The Public Interest.**

Like its conclusory allegations to support the three other prongs of the test for a stay, SAMBA implies without relevant legal support that granting its Motion For Stay to "maintain the status quo" would not harm "the public's interest." (Stay Brief at 7.) SAMBA's sole support for this conclusion is a curious case that rejects the four-pronged test (including the public-interest prong), that SAMBA quotes and then tries to satisfy in its Stay Brief. *See In re Smith*, 34 B.R. 144, 145-46 (Bankr. D. Vt. 1983) ("The bankruptcy courts have consistently held that these factors must be established before a stay pending appeal is issued. . . .  This Court is not convinced that bankruptcy courts should uniformly require compliance with the four criteria enumerated above before a stay on appeal is granted."; rejecting the conclusion that a "public interest issue" is involved in consideration of a stay).  Furthermore, the case concedes the that the four-prong test is the controlling law of the Third Circuit. *Id.*

Not surprisingly, other courts – including this Court – "consistently" require satisfaction of the four-prong test, including the public interest prong. *See, e.g.*, *In re Columbia Gas Sys., Inc.*, 1992 U.S. Dist. LEXIS 3253 at *3.  The delay caused by a stay is one of fact that can frustrate public policy. *In re Porter*, 54 B.R. at 82 ("The public interest, though difficult to measure in a case involving primarily private rights, is generally served by moving forward.").  In this case, where difficult negotiations have consumed years and are on the verge of possible success, and where the underlying case has been stalled in the interim to the Bankruptcy Court's frustration (*see* Houpt Declaration, ¶ 8), further delay while Shaw's appeal wends its way through the Third Circuit is not in the public interest.

A stay is not in the public interest for at least one additional reason: SAMBA is a general, unsecured creditor like hundreds of others who may or will benefit from the SWE&C Trustee's efforts to collect assets. (*See supra* note 3.) Giving SAMBA the benefit it seeks by intervening in the SWE&C Trust's case against Saudi Aramco, or giving SAMBA a stay that delays collection of assets, gives SAMBA advantages that only a secured creditor may claim. *See* 11 U.S.C. § 506(a)(1) ("An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . .").

SAMBA is claiming just such an interest, though SAMBA is only an unsecured creditor, and never asserted status as a secured creditor. (*See* RROA, Tab 49, A1855 (submitting proof of claim in support of adversary proceeding against Shaw; asserting an "Unsecured Nonpriority Claim").) To give SAMBA the benefits of a secured creditor, to the detriment of other unsecured creditors, constitutes the harm to public policy that a stay must avoid. *See, e.g., In re Smoldt*, 68 B.R. 533, 535 (Bankr. N.D. Iowa 1986) (finding an "injury to the public interest" where "granting a stay pending appeal would eviscerate the Bankruptcy Code and undermine the clear intent of Congress by giving the Debtors what this Court denied them"). SAMBA was not, is not, and cannot be a secured creditor – and SAMBA does not have the right to assert that status now by delaying or frustrating a settlement that should go to the benefit of all unsecured creditors of the SWE&C Trust.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

## III. **CONCLUSION**

WHEREFORE, the Trust respectfully asks this Court to deny SAMBA's Motion To Stay.


Dated:  May 23, 2007
       Wilmington, Delaware

                THE SWE&C LIQUIDATING TRUST


By: _____
                Adam G. Landis (No. 3407)
                Kerri K. Mumford (No. 4186)
                LANDIS RATH & COBB LLP
                919 Market Street, Suite 600
                Wilmington, DE  19801
                Tel:  (302) 467-4400
                Fax:  (302) 467-4450

                - and -

                Lorraine S. McGowen
                Alyssa Englund
                ORRICK, HERRINGTON & SUTCLIFFE LLP
                666 Fifth Avenue
                New York, NY  10103-0002
                Tel:  (212) 506-5000
                Fax:  (212) 506-5151

                - and -

                James E. Houpt
                ORRICK, HERRINGTON & SUTCLIFFE LLP
                400 Capitol Mall, Suite 3000
                Sacramento, CA  95814
                Tel:  (916) 447-9200
                Fax:  (916) 329-4900

                Counsel to the SWE&C Liquidating Trust

## CERTIFICATE OF SERVICE

I, Kerri K. Mumford, hereby certify that on this 23rd day of May 2007, I caused a true and correct copy of the *Answering Brief of The SWE&C Liquidating Trustee in Opposition to Saudi American Bank's Motion for Stay Pending Appeal* to be filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Adam G. Landis (landis@lrclaw.com)
> Kerri King Mumford (mumford@lrclaw.com)
> Francis A. Monaco, Jr. (fmonaco@monlaw.com)
> Kevin J. Mangan (kmangan@monlaw.com)
> Dennis A. Meloro (melorod@gtlaw.com)

I further certify that I have served the parties listed on the service list below in the manner indicated:

***First Class Mail***
John C. Hutchins, Esquire
Daniel E. Rosenfeld, Esquire
Amy B. Abbott, Esquire
Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Center
Boston, MA 02111

***First Class Mail***
Lorraine S. McGowen, Esquire
Alyssa Englund, Esquire
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103-0002

***First Class Mail***
James E. Houpt, Esquire
Lynn Trinka Ernce, Esquire
Orrick, Herrington & Sutcliffe LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814

Kerri K. Mumford (No. 4186)