IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>STONE & WEBSTER, INCORPORATED<br>et al.,<br><br>Debtors | Chapter 11<br>Bk. No. 00-02142 (PJW)<br>Jointly Administered |
| SAUDI AMERICAN BANK<br><br>Appellant,<br><br>v.<br><br>SAUDI ARABIAN OIL COMPANY,<br>STONE & WEBSTER, INC., STONE &<br>WEBSTER ENGINEERING CORP. and<br>SWE&C LIQUIDATING TRUSTEE,<br><br>Appellees. | Civil No. 06-399-SLR |

## SAUDI AMERICAN BANK'S REPLY BRIEF IN SUPPORT OF
## ITS MOTION FOR STAY PENDING APPEAL

**Monzack & Monaco, P.A.**
Francis A. Monaco, Jr. (#2078)
Kevin Mangan (#3810)
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
(302) 656-8163

**Kirkpatrick & Lockhart Preston Gates Ellis LLP**
Daniel E. Rosenfeld
John C. Hutchins
Amy B. Abbott
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

Dated: June 1, 2007

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

I.     INTRODUCTION ........................................................................................... 1

II.    ARGUMENT ................................................................................................... 2

       A.    The SWE&C Trustee's Arguments are Based on an Incorrect Premise
             and Should be Disregarded by the Court ......................................................2

       B.    Bankruptcy Rule 8005 Expressly Gives this Court, as the Intermediate
             Appellate Tribunal, Power to Enter a Stay ...................................................3

       C.    SAMBA Satisfied its Burden of Showing that a Stay is Warranted
             Pending SAMBA's Appeal of the Bankruptcy Court's Order Denying
             SAMBA's Motion to Intervene ....................................................................4

             1.     The irreparable harm to SAMBA if the stay is not granted
                    outweighs any alleged harm to unsecured creditors of the
                    Debtors' estate. ...................................................................................5

             2.     The potential availability of a forum in Saudi Arabia does not
                    diminish the irreparable harm SAMBA will incur in the
                    absence of a stay. ................................................................................7

       D.    The Issuance of a Stay Pending Appeal Will Not Harm the Public's
             Interest ..........................................................................................................8

III.   CONCLUSION ............................................................................................... 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Babco, Inc v. Markusic*, 25 B.R. 325 (W.D. Pa. 1982) ................................................5

*In re Bankruptcy Appeal of Allegheny Health, Education and Research Foundation*, 252 B.R. 309 (W.D. Pa. 1999) ........................................................3, 4

*CGI Industries, Inc.*, 27 F.3d 296 (7th Cir. 1994) ........................................................ 8-9

*Charles Schwab & Co., Inc. v. Karpiak, Civil Action No. 06-4010*, 2007 WL. 136743 (E.D. Pa. Jan. 12, 2007) .............................................................................9

*In re: Columbia Gas System, Inc.*, No. 92-127-SLR, 1992 U.S. Dist. LEXIS 3253 (D. Del. Mar. 10, 1992)...................................................................................... 9-10

*In re Lee E. Mader*, 100 B.R. 989 (D. Ill. 1989)..............................................................4, 5

*Liteky v. United States*, 510 U.S. 540 (1994).......................................................................3

*Merrill Lynch, Pierce, Fenner, & Smith v. Napolitano*, 85 F. Supp. 2d 491 (E.D. Pa. 2000) ...............................................................................................................9

*Newlife Homecare Inc. v. Express Scripts, Inc.*, No. 3:07CV761, 2007 WL. 1314861 (M.D. Pa. May 4, 2007) ...................................................................9, 10

## FEDERAL RULES

Fed. R. Bankr. P. 8005 ...............................................................................................................3

Fed. R. Civ. P. 62(g)    .............................................................................................................4

## I.    **INTRODUCTION**

In its Corrected Answering Brief, the SWE&C Liquidating Trustee ("SWE&C Trustee") attempts to divert the Court's attention from the pertinent issues before the Court by making misleading arguments that are based on incorrect factual assertions and an apparent misunderstanding of the basis and posture of SAMBA's claims against the SWE&C Liquidating Trust and Saudi Aramco.[1] SAMBA has asserted a legal right to intervene in the Saudi Aramco Proceeding based on an acknowledged Assignment to it of all proceeds of all claims arising out of the contract at issue in the Saudi Aramco Proceeding.[2] SAMBA filed a Motion for Stay Pending Appeal to prevent the SWE&C Trustee and Saudi Aramco from circumventing and diminishing SAMBA's contractual rights before this Court had the opportunity to rule on the merits of SAMBA's appeal. SAMBA is merely seeking to preserve the status quo until SAMBA's rights are determined on appeal. The parties have fully briefed the issues raised on appeal and are awaiting a ruling by this Court. See e.g. Appellant's Br. [D.I. 8], Appellee's Answering Br. [D.I. 10], Appellant's Reply Br. [D.I. 11].

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in SAMBA's Opening Brief.

[2] In fact, the only contract expressly at issue in the Complaint filed by Stone & Webster Inc. and Stone & Webster Engineering Corporation is the In-Kingdom Contract – the proceeds of which BS&W assigned to SAMBA. See Compl. at ¶¶14-19, 25-28, 61-68 (Tab 1, A 00005-6, 8-9, 18-19) [No. 02-03963 D.I. 1]; Assignment of Contract Proceeds (Tab 15, A01330-32).

## II.    **ARGUMENT**

### A.    The SWE&C Trustee's Arguments are Based on an Incorrect Premise and Should be Disregarded by the Court

The arguments set forth in the SWE&C Trustee's Corrected Answering Brief and the Declaration of J. Houpt in Opposition to SAMBA's Motion for Stay Pending Appeal ("Houpt Declaration") are premised on the incorrect notion that SAMBA is seeking a stay of the Saudi Aramco Proceeding "pending an appeal by the Shaw Group, Inc. ("Shaw") from this Court's order that Shaw is liable on a purported guarantee." See Houpt Decl. ¶ 8; Corrected Answering Br. at 9-10. As SAMBA made abundantly clear in its Motion for Stay and Opening Brief filed in support, SAMBA is seeking a stay of the Saudi Aramco Proceeding pending appellate review *of SAMBA's right to intervene in the Saudi Aramco Proceeding*. Shaw's appeal of the District Court's order granting SAMBA summary judgment is immaterial to the issues before the Court. Accordingly, the SWE&C Trustee's arguments regarding the alleged harm that would be caused by a delay in the resolution of the Saudi Aramco Proceeding "for months or even years as the [Shaw] appeal progresses" are irrelevant and should be disregarded by the Court.

The SWE&C Trustee's misstatement and exaggeration of the relief sought by SAMBA undermines whatever substance there may be in the SWE&C Trustee's arguments concerning the "substantial injury to other creditors of the SWE&C Trust," the alleged harm that would result to the public interest if the Saudi Aramco Proceeding was "further delay[ed] while Shaw's appeal wends its way through the Third Circuit" and the possibility "that one or more of the Parties may withdraw from the negotiated settlement" if this Court stays the Adversary Proceeding pending an appeal by Shaw. See Corrected Answering Br. at 7, 8, 10; Houpt Decl. ¶ 8. Accordingly, the SWE&C Trustee's

assertions that the harm to the public interest, the parties and the SWE&C Trust's

creditors outweighs the irreparable harm that SAMBA will endure if the stay is denied

are not relevant and should not be considered when balancing the competing interests of

SAMBA, the SWE&C Trustee and Saudi Aramco.

B.    Bankruptcy Rule 8005 Expressly Gives this Court, as the Intermediate
Appellate Tribunal, Power to Enter a Stay

As discussed in SAMBA's Opening Brief, given the nature of SAMBA's appeal

and issues raised, it is appropriate for this Court to review and resolve SAMBA's Motion

for Stay in the first instance. See In re Bankruptcy Appeal of Allegheny Health,

Education and Research Foundation, 252 B.R. at 320-21 (discussing Rule 8005's explicit

allowance for district courts to resolve a motion for stay in the first instance); Fed. R.

Bankr. P. 8005.

As SAMBA argued in its Opening Brief in Support of its Appeal of the

Bankruptcy Court's Denial of SAMBA's Motion to Intervene, SAMBA is seeking the

disqualification of the Bankruptcy Judge, withdrawal of the reference or reassignment

upon remand based on evidence of "deep-seated and unequivocal antagonism that would

render fair judgment impossible." See Liteky v. United States, 510 U.S. 540, 556 (1994);

Appellant's Br. § IV(E) [D.I. 8]; Appellant's Reply Br. § II(H) [D.I. 11]; Designation of

Record and Statement of Issues [D.I. 3]. The Bankruptcy Judge's comments at the

hearing on SAMBA's Motion to Intervene reveal that it would be fruitless for SAMBA to

bring the Motion for Stay before the Bankruptcy Court. The Bankruptcy Judge stated on

the record that if SAMBA sought to object to a proposed settlement between the SWE&C

Trustee and Saudi Aramco or if SAMBA sought relief from the Bankruptcy Court, it

would raise issues of Arabian commercial law and "I don't think it's appropriate for this Court to decide Arabian commercial law issues." See Tr. at 21 (Tab 47, A 01816) [No. 02-3963 D.I. 54]. In the circumstances presented by SAMBA's appeal and the Bankruptcy Judge's apparent pre-determination that SAMBA is not entitled to relief in the Bankruptcy Court "pending a determination by the Saudi Arabian Court as to [SAMBA's] declaratory rights[,]" SAMBA thought it was both appropriate and prudent to file the Motion for Stay with this Court in the first instance and that such a filing is explicitly allowed by the applicable rules.[3]  See id. at 21-22; In re Bankruptcy Appeal of Allegheny Health, Education and Research Foundation, 252 B.R. at 320-21.

> C.    SAMBA Satisfied its Burden of Showing that a Stay is Warranted Pending SAMBA's Appeal of the Bankruptcy Court's Order Denying SAMBA's Motion to Intervene

As set forth in SAMBA's Opening Brief, the District Court's issuance of a stay pending appeal is appropriate because SAMBA has established that (1) there is a strong likelihood of success on the merits of its appeal; (2) SAMBA will suffer irreparable injury unless the stay is granted; (3) neither the SWE&C Liquidating Trustee nor Saudi Aramco will suffer substantial harm if the stay is granted; and (4) the public interest will not be harmed if the stay is granted.  See In re Bankruptcy Appeal of Allegheny Health, Education and Research Foundation, 252 B.R. at 321 (discussing factors courts balance in determining whether to issue stay pending appeal); In re Lee E. Mader, 100 B.R. 989,

---

[3]  In addition, Rule 62(g) of the Federal Rules of Civil Procedure expressly grants appellate courts the power "to stay proceedings during the pendency of an appeal . . . or to make an order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered."

990 (D. Ill. 1989) (same); In re Babco, Inc v. Markusic, 25 B.R. 325, 327 (W.D. Pa. 1982) (same).

> 1.    The irreparable harm to SAMBA if the stay is not granted outweighs any alleged harm to unsecured creditors of the Debtors' estate.

Contrary to the SWE&C Trustee's contentions, SAMBA is not seeking to pursue a secured claim against the SWE&C Trust. See Corrected Answering Br. at 1, 10. Similarly, SAMBA is not seeking to pursue claims that were released in the settlement agreement between Debtors and SAMBA in Adversary Proceeding No. 01-1120.[4] Rather, SAMBA is seeking to enforce its priority right to collect all proceeds of the In-Kingdom Contract, including all proceeds of claims arising out of the In-Kingdom Contract. See generally Compl. in Intervention (Tab 15, 01314-1328) [No. 02-03963 D.I. 19]. Bugshan Stone & Webster ("BS&W") expressly granted SAMBA the Assignment of Contract Proceeds as collateral in consideration for SAMBA's grant of a $35 million credit facility. See Assignment (Tab 15, A 01330-32). In addition, BS&W executed a Specific Payment Instruction Letter that directed Saudi Aramco to pay SAMBA any and all compensation due from Saudi Aramco under the In-Kingdom Contract. See Specific Payment Instruction Letter (Tab 15, A 01334-35). Saudi Aramco provided a written acknowledgement of the Assignment in 1994 and re-confirmed the validity and irrevocability of the Assignment and Specific Payment Instruction Letter in 2002. See

---

[4] Moreover, the Bankruptcy Court's Order approving the Settlement Agreement between Debtors and SAMBA stated "[n]either this Order nor the Settlement Agreement has any effect . . . on any claims or causes of action asserted by . . . SAMBA in the action commenced by the Debtors against Saudi Arabian Oil Company . . . , the Motion by SAMBA to Intervene therein, or SAMBA's proposed Complaint in Intervention. . . ." Order under Fed. R. Bankr. 9019 Approving Settlement with SAMBA (Tab 181, A 07202-03) [No. 00-02142 D.I. 4289].

Acknowledgement of Assignment (Tab 15, A 01337); 2002 Confirmation Letter (Id., A 01341). In reliance upon BS&W's and Saudi Aramco's contractual commitments, SAMBA granted BS&W a $35 million loan facility. The Assignment, Specific Payment Instruction letter and acknowledgement of Assignment established a first priority interest in SAMBA in any funds that are paid by Saudi Aramco toward a resolution of the claims asserted in the Saudi Aramco Proceeding. See id.

SAMBA's priority interest neither "gives SAMBA advantages that only a secured creditor may claim" nor "confounds the Bankruptcy Code's protections" as the SWE&C Trustee erroneously contends. Corrected Answering Br. at 9-10. First, BS&W is not a party to the main bankruptcy case and it is not part of the bankrupt estate. Thus, even if SAMBA was a secured creditor of BS&W, SAMBA could not have asserted a secured claim against BS&W or Stone & Webster Engineering Corporation ("SWEC") in the main bankruptcy case. Rather, SAMBA properly filed its Motion to Intervene seeking declaratory and injunctive relief to protect SAMBA's rights and preclude the SWE&C Trustee and Saudi Aramco from circumventing SAMBA's right to receive and apply proceeds of the In-Kingdom Contract in satisfaction of BS&W's obligations. The fact that SAMBA filed a proof of claim based on a guaranty issued by SWEC and holds a general, unsecured claim in the main bankruptcy case is irrelevant. Just as the SWE&C Liquidating Trustee is attempting to step into the shoes of BS&W to collect damages arising under the In-Kingdom Contract, SAMBA is seeking to assert its contractual rights in the Saudi Aramco Proceeding. See Compl. ¶¶ 3, 61-68 (Tab 1, A 0002, 18-19) [No. 02-03963 D.I. 1]. As such, granting SAMBA a stay pending a decision on the appeal regarding SAMBA's right to intervene, rather than "eviscerat[ing] the Bankruptcy Code"

as the SWE&C Trustee contends, would protect SAMBA's legitimate business interests and ensure that the parties comply with their respective contractual obligations. See Corrected Answering Br. at 10.

The SWE&C Trustee has not demonstrated that any injury to creditors would result from granting a stay pending appeal. The unsubstantiated allegations by the SWE&C Trustee of a diminution of a possible dividend is not supported by any evidence that any dividend will be paid. See id. at 7-8. Attorneys' fees and other administrative claims may absorb whatever payments are to be made by Saudi Aramco under the proposed settlement. In fact, the SWE&C Trustee's argument assumes its conclusion, that SAMBA has no right to intervene and has no right to any funds to be paid by Saudi Aramco. Such an assumption is totally unsupported and belied by the facts supporting SAMBA's Motion to Intervene. Accordingly, the irreparable harm that SAMBA would incur if the stay is not granted outweighs any alleged harm to unsecured creditors of the Debtors' estate.

> 2. The potential availability of a forum in Saudi Arabia does not diminish the irreparable harm SAMBA will incur in the absence of a stay.

The SWE&C Trustee's contention that SAMBA "can vindicate its right in Saudi Arabia's courts" " – its home turf" contradicts the allegations made in SWEC's[5] own Complaint against Saudi Aramco. Compare Compl. ¶¶ 37-43 (Tab 1, A 00011-13) [No. 02-03963 D.I. 1] with Corrected Answering Br. at 2, 7. In its Complaint, SWEC devotes an entire section to "BS&W's inability to be heard on the merits of its claim against

---

[5] The SWE&C Liquidating Trust is the successor in interest to plaintiff SWEC. See Corrected Answering Br. at 1.

Saudi Aramco in Saudi Arabia." Compl. ¶¶ 37-43 (Id.). Specifically, SWEC alleges in

the Complaint that BS&W sought to adjudicate its claims against Saudi Aramco in

several Saudi Arabian judicial forums, but the Saudi tribunals refused to hear the merits

of BS&W's claim and none of the judicial forums would accept jurisdiction over

BS&W's claim against Saudi Aramco. See Compl. ¶¶ 39-41 (Tab 1, A 00012) [No. 02-

03963 D.I. 1]. The Complaint further avers that SWEC has been denied due process in

Saudi Arabia. Id. at 42. In this context, the SWE&C Trustee's contention that SAMBA

will not suffer irreparable harm because SAMBA can vindicate its rights in a Saudi forum

is disingenuous at best.

Moreover, whether SAMBA has a forum available to it in Saudi Arabia does not

diminish the irreparable injury SAMBA will suffer in the absence of a stay. As discussed

in SAMBA's Opening Brief in Support of its Appeal, it is not clear that SAMBA would

have available to it a forum in Saudi Arabia in which it could sue all the parties to the

Saudi Aramco proceeding. See Appellant's Br. § D(3) [D.I 8]. In addition, even if

SAMBA could bring an action in Saudi Arabia, any decision or settlement reached in the

Saudi Aramco proceeding could irreparably impair SAMBA's ability to protect its

interest as an assignee of the proceeds of the In-Kingdom Contract.

D.    The Issuance of a Stay Pending Appeal Will Not Harm the Public Interest

A stay pending SAMBA's appeal of the Bankruptcy Court's Order denying

SAMBA's Motion to Intervene will preserve the status quo of the Saudi Aramco

Proceeding and serve the compelling public interests of enforcing valid contractual

obligations and protecting legitimate business interests. See e.g., CGI Industries, Inc., 27

F.3d 296 (7th Cir. 1994) (discussing purpose of stay is to maintain status quo thereby

holding at bay reliance interests in judgment"); Merrill Lynch, Pierce, Fenner, & Smith v.

Napolitano, 85 F. Supp. 2d 491, 499 (E.D. Pa. 2000) (discussing compelling public

interest in enforcing contract terms entered into by sophisticated parties); Newlife

Homecare Inc. v. Express Scripts, Inc., No. 3:07CV761, 2007 WL 1314861, at *9 (M.D.

Pa. May 4, 2007) (Slip Opinion) (granting an injunction to enforce contract because

public interest exists in the enforcement of contracts); Charles Schwab & Co., Inc. v.

Karpiak, Civil Action No. 06-4010, 2007 WL 136743, at *15-16 (E.D. Pa. Jan. 12, 2007)

(Slip Opinion) (finding issuance of preliminary injunction would serve compelling public

interests of enforcing valid contractual provisions and protecting business investments).

Moreover, any delay to the resolution of the Saudi Aramco Proceeding resulting from the

stay would be negligible, and therefore, it would not harm the public interest. The Saudi

Aramco Proceeding was initiated in May of 2002. The parties have been reporting that

they are close to settlement or that the parties have settled the case pending final

documentation for at least five years. See Debtors' Answering Br. in Opp'n to

SAMBA's Motion to Intervene ¶ 9 (Tab 17, A 1442-43) [No. 02-03963, D.I. 23]; Status

Report for Adversary Proceeding (Tab 25, A 01510 – 1517) [No. 02-03963, D.I. 31].

Any "frustration" that the Bankruptcy Court has expressed concerning the parties'

"stalling" of the case has no bearing on SAMBA's Motion to Intervene or SAMBA's

Motion for Stay. See Corrected Answering Br. at 10. If, however, the Court finds that

the issuance of a stay would result in a delay to the detriment of the public interest, any

such harm could be cured by expediting the appeal currently pending before this Court.

See In re: Columbia Gas System, Inc., No. 92-127-SLR, 1992 U.S. Dist. LEXIS 3253, at

*6, (D. Del. Mar. 10, 1992) (finding interests of bankruptcy estate, debtor and public will be accommodated if stay granted pending expedited appeal).

## III.    **CONCLUSION**

As set forth above and in SAMBA's Opening Brief in Support of its Motion for Stay Pending Appeal, by granting a stay of the Saudi Aramco Proceeding this Court would maintain the status quo, preserve this Court's ability to offer effective relief and ensure that SAMBA's appeal will not be mooted by a change in circumstance. Accordingly, SAMBA asks this Court to stay the Saudi Aramco Proceeding pending the resolution of SAMBA's right to intervene and to consider expeditiously the issues raised on appeal.

Respectfully submitted,

SAUDI AMERICAN BANK,
By its attorneys,

Francis A. Monaco, Jr. (#2078)
Kevin Mangan (#3810)
Monzack & Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801
(302) 656-8163

Of Counsel:
Daniel E. Rosenfeld
John C. Hutchins
Amy B. Abbott
Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

Dated:  June 1, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Bk. No. 00-02142 (PJW) |
| STONE & WEBSTER, INCORPORATED | ) | Jointly Administered |
| et al., | ) |  |
|  | ) |  |
| Debtors | ) |  |
|  | ) |  |
| SAUDI AMERICAN BANK | ) | Civil No. 06-399-SLR |
|  | ) |  |
| Appellant, | ) |  |
| v. | ) |  |
|  | ) |  |
| SAUDI ARABIAN OIL COMPANY, | ) |  |
| STONE & WEBSTER, INC., STONE & | ) |  |
| WEBSTER ENGINEERING CORP. and | ) |  |
| SWE&C LIQUIDATING TRUSTEE, | ) |  |
|  | ) |  |
| Appellees. | ) |  |

## CERTIFICATE OF SERVICE

**I, Lorraine Diaz, certify that I am not less than 18 years of age, and that service of the Saudi American Bank's Reply Brief In Support of Its Motion for Stay Pending Appeal was made on June 1, 2007 upon:**

**Via Hand Delivery and Electronic Mail**
Adam G. Landis, Esquire
Kerri K Mumford, Esquire
Landis Rath & Cobb LLP
919 Market Street, Suite 600
Wilmington, Delaware 19801

Dennis Anthony Meloro, Esquire
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7000
Fax: (302) 661-7360
Email: melorod@gtlaw.com

**Via US MAIL and Electronic Mail**
Lorraine S. McGowen, Esquire
Orrick Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103

James Houpt, Esquire
Orrick Herrington & Sutcliffe LLP
400 Capital Mall, Ste. 3000
Sacramento, CA 95814

Under penalty of perjury, I declare that the foregoing is true and correct.

June 1, 2007
Date

Lorraine Diaz