IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br><br>STONE & WEBSTER, INCORPORATED<br>et al.,<br><br>　　　　　　　　　Debtors | ) ) ) ) ) ) ) ) | Chapter 11<br>Bk. No. 00-02142 (PJW)<br>Jointly Administered |
| SAUDI AMERICAN BANK<br><br>　　　　　　　　　Appellant,<br>　　　v.<br><br>SAUDI ARABIAN OIL COMPANY,<br>STONE & WEBSTER, INC., STONE &<br>WEBSTER ENGINEERING CORP. and<br>SWE&C LIQUIDATING TRUSTEE,<br><br>　　　　　　　　　Appellees. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 06-399-SLR |

## SAUDI AMERICAN BANK'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR REHEARING AND STAY

**Womble Carlyle Sandridge & Rice PLLC**
Francis A. Monaco, Jr. (#2078)
Kevin Mangan (#3810)
222 Delaware Avenue
15th Floor
Wilmington, DE 19801
(302) 252-4361

**Kirkpatrick & Lockhart Preston Gates Ellis LLP**
Daniel E. Rosenfeld
John C. Hutchins
Amy B. Abbott
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

Dated: September 13, 2007

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..........................................................................................................ii

I. NATURE AND STAGE OF THE PROCEEDING ...........................................................1

II. SUMMARY OF THE ARGUMENT ................................................................................1

III. CONCISE STATEMENT OF FACTS...............................................................................2

  A. BS&W's Assignment of Contract Proceeds......................................................2

  B. SAMBA's Motion to Intervene in the Saudi Aramco Proceeding ........................3

  C. Threatened Settlement and Dismissal of the Saudi Aramco Proceeding ..........................................................................................................3

  D. The Shaw Group, Inc.'s Motion to Intervene in the Saudi Aramco Proceeding ..........................................................................................................4

IV. ARGUMENT......................................................................................................................4

  A. The District Court's Order is Based on a Clear Error of Fact ................................5

  B. The District Court Should Reconsider its Order to Prevent Manifest Injustice ..............................................................................................................7

  C. The Viability of the Trustee's Complaint Against Saudi Aramco is Immaterial to the Merits of SAMBA's Motion to Intervene...................................7

V. CONCLUSION ...................................................................................................................8

# TABLE OF AUTHORITIES

## CASES

*Max's Seafood Cafe v. Quinteros*, 176 F.3d 669 (3d Cir. 1999) .................................................. 4, 5

*Mountain Top Condo. Association v. Dave Stabbert Master Builder, Inc.*, 72 F.3d
   361 (3d Cir. 1995) ........................................................................................................... 8

*Prudential Prop. & Casualty Insurance Co. v. Leach*, No. Civ. A. 03-6352, 2004
   WL 1243763 (E.D. Pa. June 7, 2004) ............................................................................. 7

*United States v. State Street Bank and Trust Co.*, No. ADV. A-01-04605, 2002
   WL 417013 (Bankr. D. Del. Mar. 4, 2002) ..................................................................... 7

## FEDERAL STATUTES

28 U.S.C. § 158 ................................................................................................................................ 3

28 U.S.C. § 158(a) .......................................................................................................................... 1

I.  **NATURE AND STAGE OF THE PROCEEDING**

Saudi American Bank ("SAMBA"), the movant for intervention in Adversary Proceeding No. 02-03963-PJW ("Saudi Aramco Proceeding"), filed an appeal under 28 U.S.C. § 158(a) from the May 1, 2006 Bankruptcy Court Order denying SAMBA's Motion to Intervene in the Saudi Aramco Proceeding. *See* Notice of Appeal [D.I. 1]. The parties fully briefed the issues, and SAMBA requested oral argument. On August 29, 2007, the District Court issued a Memorandum Order denying SAMBA's appeal and affirming the Bankruptcy Court's May 1, 2006 Order. [D.I. 24]. Despite SAMBA's timely request for oral argument, the District Court issued the Memorandum Order without hearing oral argument. [D.I. 13, 24].

II. **SUMMARY OF THE ARGUMENT**

1.  The District Court's denial of SAMBA's appeal is the result of a clear error of fact. *See infra* § IV.A.

2.  The District Court's August 29, 2007 Order will allow a manifest injustice to take place. *See infra* § IV.B.

3.  The merits of the Trustee's Complaint are immaterial to SAMBA's Motion to Intervene. *See infra* § IV.C.

1

III. **CONCISE STATEMENT OF FACTS**[1]

    A. **BS&W's Assignment of Contract Proceeds**

On or about January 22, 1995, BS&W executed and delivered to SAMBA an Assignment of Contract Proceeds. *See* Assignment of Contract Proceeds (A1330-32).[2] Pursuant to the Assignment of Contract Proceeds, BS&W assigned to SAMBA its rights to all payments to be made by Saudi Aramco under the In-Kingdom Contract, including proceeds of all claims arising out of the In-Kingdom Contract, whether incurred in connection with the In-Kingdom Contract or otherwise. *See id.*

By letter dated September 21, 1994, BS&W requested and authorized Saudi Aramco to pay SAMBA for credit to BS&W's account any and all compensation due from Saudi Aramco under the In-Kingdom Contract ("Specific Payment Instruction Letter"). *See* Specific Payment Instruction Letter (A1334-35). The Specific Payment Instruction Letter further states, in pertinent part, that it shall not be revocable by BS&W and shall remain in effect until final settlement of the In-Kingdom Contract. *See id.*

On or about November 13, 1994, Saudi Aramco executed an Acknowledgment of Assignment to BS&W. *See* Acknowledgment of Assignment (A1337). Saudi Aramco sent a copy of the Acknowledgment of Assignment to SAMBA. *See* Compl. in Intervention ¶ 38 (A1323).

On or about May 11, 2002, SAMBA wrote to Saudi Aramco reminding it that the Assignment of Contract Proceeds remained in full force and effect and that the Specific

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in SAMBA's Opening Brief in Support of its Appeal of the Bankruptcy Court's Denial of SAMBA's Motion to Intervene. [D.I. 8].

[2] Citations to "(A\_\_)" are to SAMBA's Revised Record on Appeal.

2

Payment Instruction Letter, including the assignment and authorization referred to therein, was not revocable and continued in effect. *See* Reminder Letter dated May 11, 2002 (A1339). SAMBA further requested and directed Saudi Aramco to continue to pay any proceeds (whether progress payments, retention payments, or in settlement of claims or otherwise) directly to SAMBA and notified Saudi Aramco that BS&W remained in debt to SAMBA for an amount in excess of $7,000,000. *See id.*

By letter dated June 2, 2002 (the "2002 Confirmation"), Saudi Aramco confirmed to SAMBA that both the Assignment of Contract Proceeds and the authorization contained in the Specific Payment Instruction Letter are irrevocable and continue to be in full force and effect. *See* 2002 Confirmation (A1341).

### B.   SAMBA's Motion to Intervene in the Saudi Aramco Proceeding

As set forth above, SAMBA has a first security interest in the proceeds of the In-Kingdom Contract. To protect SAMBA's first priority right, SAMBA moved to intervene in the Saudi Aramco Proceeding. On May 1, 2006, the Bankruptcy Court issued an Order denying SAMBA's Motion to Intervene. *See* Order [Adv. Proc. No. 02-03963-PJW, D.I. 50]. SAMBA filed a Notice of Appeal under 28 U.S.C. § 158. *See* Notice of Appeal [D.I. 1]. On August 29, 2007, this Court denied SAMBA's appeal and affirmed the Bankruptcy Court's Order denying SAMBA's Motion to Intervene. [D.I. 24].

### C.   Threatened Settlement and Dismissal of the Saudi Aramco Proceeding

On May 1, 2007, the SWE&C Liquidating Trustee ("Trustee") filed a Status Report in the Saudi Aramco Proceeding stating "[t]he parties to this adversary proceeding have agreed to the terms of a settlement. The parties need only to complete documentation of the settlement." *See* Status Report for Adversary Proceeding [Adv.

3

Proc. No. 02-03963-PJW, D.I. 60]. The Status Report further states that "[t]he SWE&C Liquidating Trustee believes that documentation of the settlement will be complete, and that the SWE&C Liquidating Trust will be able to <u>seek dismissal of this proceeding, within the next few weeks</u>." *Id.* (emphasis added). The Trustee further represented to the Court that a settlement of the Saudi Aramco Proceeding would <u>not</u> be subject to court approval. *See* Aug. 13, 2007 Tr. at 4 [Adv. Proc. No. 02-03963-PJW, D.I. 78].

### D. <u>The Shaw Group, Inc.'s Motion to Intervene in the Saudi Aramco Proceeding</u>

On June 29, 2007, the Shaw Group, Inc. filed a Motion to Intervene in the Saudi Aramco Proceeding. [Adv. Proc. No. 02-03963-PJW, D.I. 61]. After brief oral argument and the receipt of supplemental information concerning the parties' arguments (as requested by Judge Walsh), the Bankruptcy Court issued a Memorandum Opinion and Order dated August 31, 2007, denying Shaw's Motion to Intervene. [Adv. Proc. No. 02-03963-PJW, D.I. 67, 72-73, 79-80]. In the Memorandum Opinion, the Court specifically referenced SAMBA's claims and "restate[d] and ampli[fied] on [its] ruling with respect to SAMBA's claim of a security interest" in the proceeds of the Trust's breach of contract claim against Saudi Aramco. *See* Mem. Op. at 19 [Adv. Pro. No. 02-03963-PJW, D.I. 79].

## IV. <u>ARGUMENT</u>

The District Court's Order denying SAMBA's appeal may be altered or amended if SAMBA demonstrates at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the District Court denied SAMBA's appeal; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d

4

669, 677 (3d Cir. 1999). As set forth below, the District Court's denial of SAMBA's appeal is the result of a clear error of fact. In addition, the District Court's Order will allow a manifest injustice to take place. Accordingly, the District Court should reconsider its August 29, 2007 Order,[3] stay the Saudi Aramco Proceeding pending its resolution of the present Motion, reverse the Bankruptcy Court's Order and withdraw the reference with respect to Adversary Proceeding No. 02-03963-PJW, or, in the alternative, reassign the case to a different judge upon remand. *See id.* at 677-78.

### A.   The District Court's Order is Based on a Clear Error of Fact

The District Court's Order is premised on the incorrect notion that SAMBA is seeking affirmative recovery from SWEC. In fact, SAMBA is <u>not</u> seeking affirmative recovery from any party and is merely seeking injunctive relief against SWEC. Specifically, SAMBA is seeking, in part, a declaration that (1) the Assignment, Specific Payment Instruction Letter, Saudi Aramco's Acknowledgement of Assignment, SAMBA's reminder letter to Saudi Aramco dated May 11, 2002, and Saudi Aramco's 2002 Confirmation all result in a valid, enforceable, and irrevocable requirement that any and all compensation due from Saudi Aramco under the In-Kingdom Contract be paid to SAMBA for credit to BS&W's account until BS&W's obligations to SAMBA are paid; and (2) all proceeds of the In-Kingdom Contract, including any proceeds arising from settlements between or among the Trustee, Saudi Aramco, and/or Abdullah Said Bugshan & Brothers ("ASB&B") or judgments arising in connection with the Saudi Aramco Proceeding are to be paid directly to SAMBA. *See* Compl. in Intervention ¶¶ 5-8 [Adv.

---

[3] SAMBA's request for rehearing and reconsideration specifically includes the District Court's denial of SAMBA's Motion for Stay Pending Appeal. *See* Mem. Order at n.1 [D.I. 24].

5

Pro. No. 02-03963-PJW, D.I. 19] (A1316-17). In addition, SAMBA is seeking injunctive relief (i) prohibiting Saudi Aramco from making payments related to the In-Kingdom Contract, unless such payments are paid directly to SAMBA; and (ii) prohibiting Debtors and ASB&B from accepting payments directly or indirectly from Saudi Aramco related to the In-Kingdom Contract, unless such payments are made with the express written permission of SAMBA, or pursuant to further order of the Court. *See id.* ¶ 9 (A1317).

SAMBA's contractual rights under the Assignment of Contract Proceeds entitle SAMBA to a first priority right to receive all payments made by Saudi Aramco in connection with the In-Kingdom Contract. By seeking to intervene in the Saudi Aramco Proceeding, SAMBA is trying to assert its priority position with respect to any payments made by Saudi Aramco that arise out of or are attributable to BS&W's In-Kingdom Contract with Saudi Aramco. The Trustee's Complaint against Saudi Aramco and ultimately the settlement contemplated by the Trustee, involve claims which arise out of the In-Kingdom Contract and claims against Saudi Aramco for withholding at least $148,000,000 in funds from BS&W. *See* Mem. Op. at 9 [Adv. Pro. No. 02-03963-PJW, D.I. 79]. SAMBA is not seeking to "assert its rights to collect such 'Proceeds' under the Assignment against SWEC" as the District Court found; rather it is trying to prevent the Trustee, ASB&B and Saudi Aramco from circumventing SAMBA's acknowledged Assignment and contractual right to any and all proceeds arising out of the In-Kingdom Contract by establishing its priority position.[4] Mem. Order at 5 (emphasis added) [D.I. 24].

---

[4] In October of 2003, SAMBA's counsel informed Debtors' counsel that to the extent a settlement of the claims arising out of the In-Kingdom Contract involved a payment by Saudi Aramco to ASB&B or Debtors, such settlement would violate SAMBA's rights

6

## B. The District Court Should Reconsider its Order to Prevent Manifest Injustice

Given the Trustee's admission on the record that at least "a portion" of the Saudi Aramco Proceeding "is . . . about" "contract proceeds[,]" Saudi Aramco's express acknowledgement that SAMBA's Assignment is valid, and the fact that neither the Trustee nor Saudi Aramco has ever disputed the enforceability or validity of the Assignment, the District Court's Order results in a manifest injustice. June 13, 2005 Tr. at 44-45 (emphasis added) [Bankr. No. 00-02142-PJW, D.I. 5695] (A4271-72). SAMBA has a direct interest in the very property that is the subject matter of the suit between the Trustee and Saudi Aramco. SAMBA's interest constitutes sufficient grounds to entitle it to intervene as of right. *See United States v. State Street Bank and Trust Co.*, No. ADV. A-01-04605, 2002 WL 417013, at * 2 (Bankr. D. Del. Mar. 4, 2002); *Prudential Prop. & Cas. Ins. Co. v. Leach*, No. Civ. A. 03-6352, 2004 WL 1243763, at *1 n.1 (E.D. Pa. June 7, 2004). Accordingly, the District Court should reconsider its August 29, 2007 Order.

## C. The Viability of the Trustee's Complaint Against Saudi Aramco is Immaterial to the Merits of SAMBA's Motion to Intervene

The District Court's Memorandum Opinion also suggests that SAMBA should not be allowed to intervene in the Saudi Aramco Proceeding because the Trustee's underlying Complaint against Saudi Aramco is a "hypothetical" based on "legal fiction." *See* Mem. Order at 5 [D.I. 24]. The merits of the Trustee's Complaint, however, are immaterial to SAMBA's Motion to Intervene. An Adversary Proceeding is pending in the Bankruptcy Court between the Trustee, Saudi Aramco and ASB&B. Thus, regardless

---

under the Assignment. In response, Debtors' counsel made a statement to the effect that Debtors intended to circumvent SAMBA's rights under the Assignment and to damage SAMBA by means of the proposed settlement.

7

of how the District Court (or the Bankruptcy Court) perceives the strength or weakness of the Trustee's Complaint, the litigation remains active.[5] Moreover, the parties repeatedly have represented to the Bankruptcy Court that a settlement is imminent. In October of 2002, Debtors' counsel informed the Bankruptcy Court that the proposed settlement, at that time, included a pledge by Saudi Aramco to pay at least $15,000,000 toward a resolution of claims. *See* Compl. in Intervention ¶ 51 [Adv. Pro. No. 02-03963-PJW, D.I. 19] (A1325). Based on Debtors' counsel's representations, it is apparent that Saudi Aramco and the Trustee have placed a substantial value on the pending litigation, and that the parties are planning to exchange a significant amount of money to resolve the Saudi Aramco Proceeding. SAMBA has a direct, substantial and legally protectable interest as an assignee to the funds at issue. Such an interest is sufficient to warrant intervention. *See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361 (3d Cir. 1995) (finding beneficiaries property interest in trust res sufficient to warrant intervention).

V.   **CONCLUSION**

For the reasons set forth above, SAMBA respectfully requests that this Court (i) reconsider its August 29, 2007 Order denying SAMBA's appeal; (ii) grant SAMBA a rehearing on its appeal of Adversary Proceeding No. 02-03963-PJW; (iii) stay Adversary Proceeding No. 02-03963-PJW pending this Court's resolution of the present Motion; (iv) reverse the Bankruptcy Court's Order and withdraw the reference with respect to Adversary Proceeding No. 02-03963-PJW, or, in the alternative, reassign the case to a

---

[5] Or about September 25, 2002, Saudi Aramco filed a motion to dismiss the Complaint. The Trustee has not responded to the motion to dismiss and Saudi Aramco has not filed an answer to the Trustee's Complaint.

different judge upon remand; and (v) grant SAMBA such other and further relief as is just and proper.

                              Respectfully submitted,

                              SAUDI AMERICAN BANK,
                              By its attorneys,

                              /s/ Kevin Mangan
                              Francis A. Monaco, Jr. (#2078)
                              Kevin Mangan (#3810)
                              Womble Carlyle Sandridge & Rice PLLC
                              222 Delaware Avenue
                              15th Floor
                              Wilmington, DE 19801
                              (302) 252-4361

                              Of Counsel:
                              Daniel E. Rosenfeld
                              John C. Hutchins
                              Amy B. Abbott
                              Kirkpatrick & Lockhart Preston Gates Ellis LLP
                              State Street Financial Center
                              One Lincoln Street
                              Boston, MA 02111
Dated: September 13, 2007     (617) 261-3100

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Bk. No. 00-02142 (PJW) |
| STONE & WEBSTER, INCORPORATED ) | Jointly Administered |
| et al., ) | |
| ) | |
| Debtors ) | |
| ) | |
| SAUDI AMERICAN BANK ) | Civil No.  06-399-SLR |
| ) | |
| Appellant, ) | |
| v. ) | |
| ) | |
| SAUDI ARABIAN OIL COMPANY, ) | |
| STONE & WEBSTER, INC., STONE & ) | |
| WEBSTER ENGINEERING CORP. and ) | |
| SWE&C LIQUIDATING TRUSTEE, ) | |
| ) | |
| Appellees. ) | |

**CERTIFICATE OF SERVICE**

   I, Heidi E. Sasso, certify  that I am not less than 18 years of age, and that service of the foregoing documents was made on September 13, 2007 upon:

**Via Hand Delivery and Electronic Mail**
Adam Landis, Esq.
Kerri Mumford, Esq.
Landis Rath & Cobb LLP
919 Market Street, Ste. 600
Wilmington DE 19801

Dennis Meloro, Esq.
Greenberg Traurig LLP
The Nemours Building
1007 N. Orange Street, Ste. 1200
Wilmington, De 19801

WCSR 3733647v1

**Via US Mail and Electronic Mail**
Lorrain McGowen, Esq.
Orrick Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103

James Houpt, Esq.
Orrick Herrington & Sutcliffe LLP
400 Capital Mall, Ste. 3000
Sacramento, CA 95814

    Under penalty of perjury, I declare that the foregoing is true and correct.

_9/13/2007_____                    ___/s/ Heidi E Sasso_____
Date                                Heidi E. Sasso

WCSR  3733647v1