IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>STONE & WEBSTER, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 00-2142 (PJW)<br><br>Jointly Administered |
| SAUDI AMERICAN BANK<br><br>Appellant,<br><br>- against –<br><br>STONE & WEBSTER, INCORPORATED, STONE & WEBSTER ENGINEERING CORP., and SWE&C LIQUIDATING TRUST,<br><br>Respondents. | Civil No. 06-399-SLR |

**ANSWERING BRIEF OF THE SWE&C LIQUIDATING TRUSTEE
IN OPPOSITION TO SAUDI AMERICAN BANK'S
<u>MOTION FOR REHEARING AND STAY</u>**

---

[1] The Debtors are the Consolidated SWINC Estate and the Consolidated SWE&C Estate. As more particularly set forth in Article VII(B) of the Third Amended Joint Plan of the Debtors in Possession, the Official Committee of Unsecured Creditors, Federal Insurance Company, Maine Yankee Atomic Power Company, and the Official Committee of Equity Security Holders with Respect to (I) Stone & Webster, Incorporated and Certain of its Subsidiaries and Affiliates and (II) Stone & Webster Engineers and Constructors, Inc. and Certain of Its Subsidiaries ("Joint Plan"), certain debtor subsidiaries of Stone & Webster, Incorporated are merged into Stone & Webster, Incorporated, and their estates have been substantively consolidated to become the Consolidated SWINC Estate; and certain debtor subsidiaries of Stone & Webster Engineers and Constructors, Inc. are merged into Stone & Webster Engineers and Constructors, Inc., and their estates have been substantively consolidated to become the Consolidated SWE&C Estate.

429.001-18052.DOC

# TABLE OF CONTENTS

Page

I. INTRODUCTION, BRIEF FACTUAL STATEMENT, AND SUMMARY OF ARGUMENT ................................................................................. 1

II. NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 2

III. DISCUSSION ................................................................................................................... 2

    A. SAMBA Does Not Show Any Error, Much Less A "Clear Error Of Fact." ........... 2

    B. SAMBA Does Not Show A "Manifest Injustice" Where SAMBA Has Already Settled Its Claims And Received A Significant Payment ......................... 4

    C. SAMBA's Claim That The Court Considered An "Immaterial" Issue Misstates The Record And, In Any Case, Is Not An Error Of Fact. ...................... 5

    D. SAMBA Does Not Even Try To Establish The Justification For A Stay. ............. 6

IV. CONCLUSION. ................................................................................................................ 7

# TABLE OF AUTHORITIES

## CASES

*Lyons. v. Jefferson Bank & Trust,*
    793 F. Supp. 989 (D. Colo. 1992) ............................................................................... 2-3

*Max's Seafood Cafe v. Quinteros,*
    176 F.3d 669 (3d Cir. 1999) ........................................................................................... 2

*SWE&C Liquidating Trust v. Saudi Arabian Oil Co, (In re Stone & Webster, Incorporated),*
    __ B.R. __, Case No. 00-2142(PJW), 2007 Bankr. LEXIS 3126 (Bankr. D. Del. August 31, 2007) ....................................................................................... 3

## SECONDARY AUTHORITY

Chas. Alan Wright, *et al.*, *Federal Practice & Procedure* (2d ed 1995) ..................................... 6

The SWE&C Liquidating Trustee ("Trustee"), on behalf of the SWE&C Liquidating Trust ("Trust") as successor-in-interest to plaintiff Stone & Webster Engineering Corporation ("SWEC"), submits this answering brief to Saudi American Bank's Motion for Rehearing and Stay ("Motion"). In opposition thereto, the Trust states as follows:

## I. INTRODUCTION, BRIEF FACTUAL STATEMENT, AND SUMMARY OF ARGUMENT

This Court affirmed the Bankruptcy Court's order denying Saudi American Bank's motion to intervene in the Trust's action against Saudi Arabian Oil Company ("Saudi Aramco"). Citing to the Third Circuit's grounds for reconsideration, SAMBA suggests that it has a right to "rehearing" because this Court's denial of SAMBA's appeal is "a clear error of fact" and "a manifest injustice." In a third argument that SAMBA does not try to connect with any of the standards for reconsideration, SAMBA also claims that the "merits of the Trustee's Complaint are immaterial to SAMBA's Motion to Intervene." (*See* Saudi American Bank's Opening Brief in Support of its Motion for Rehearing and Stay, September 19, 2007 ("SAMBA Brief"), at 1.) But the SAMBA Brief fails to connect the dots between its arguments and reality:

1. SAMBA's claim that this Court erroneously concluded that SAMBA seeks "affirmative relief" rather than "injunctive relief" is neither an error of fact nor material;

2. SAMBA's claim of manifest injustice is wrong; in fact, manifest injustice will result to the Trust if SAMBA can intervene where it has recovered $1 million cash already from the creditors over whom SAMBA now seeks to establish a priority claim when SAMBA has no perfected security interest and no right to priority; and

3.  SAMBA's claim that the Court erroneously considered the viability of the Trustee's Complaint relies on a misstatement of this Court's reasoning and, in any event, is irrelevant to reconsideration.

This Court obviously devoted substantial time and effort to a Memorandum Order that SAMBA does not and cannot attack for any demonstrable legal or factual error. SAMBA has not made an adequate case for reconsideration of the Memorandum Order.

## II. NATURE AND STAGE OF THE PROCEEDINGS

SAMBA seeks "rehearing" of this Court's Memorandum Order affirming the Bankruptcy Court's denial of SAMBA's motion to intervene in the Trust's adversary proceeding against Saudi Aramco.

## III. DISCUSSION

SAMBA cites Third Circuit authority for three categories where reconsideration might be appropriate. (*See* SAMBA Brief at 4-5 (citing *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).) However, SAMBA cites only one category to support "rehearing": "the need to correct a clear error of . . . fact or to prevent manifest injustice." (*Id.*; *see also id.* at 1 (citing alleged "clear error of fact" and "manifest injustice" for "rehearing"). Without further explanation or citation to authority supporting reconsideration, SAMBA also alleges that "[t]he merits of the Trustee's Complaint are immaterial to SAMBA's motion to intervene." (*Id.* at 1.)

### A.  SAMBA Does Not Show Any Error, Much Less A "Clear Error Of Fact."

SAMBA's "clear error of fact" relies on its claim that the "District Court's Order is premised on the incorrect notion that SAMBA is seeking affirmative recovery from SWEC." (SAMBA Brief at 5.) SAMBA does not cite to the page of, quote the text of, or explain how the outcome was altered by this alleged "error." These failures alone require denial of reconsideration. *See Lyons. v. Jefferson Bank & Trust*, 793 F. Supp. 989, 991-92 (D. Colo.

1992) (denying reconsideration where the movant "does not explain" materiality of a proposed finding, and the "proposed finding is immaterial to [the Court's] ultimate conclusion").

Moreover, SAMBA's claim that it "is merely seeking injunctive relief against SWEC" (*id.*) merely ignores the fact that, if successful, SAMBA would commandeer a settlement or judgment that the Trust has pursued for years without SAMBA's assistance or contribution. Even if the argument were relevant, a claim for "injunctive relief against SWEC" rather than "affirmative recovery from SWEC" (SAMBA Brief at 5) is merely an irrelevant semantic difference. If successful, SAMBA would deny the Trust a recovery for the benefit of SWEC's creditors that, as two courts have now found, SWEC alone deserves to claim. Whether accomplished by "affirmative recovery" or "injunctive relief," the result is the same: the denial of recovery to SWEC's creditors.

SAMBA uses this alleged "error of fact" merely to re-argue what this Court has already rejected – and what the Bankruptcy Court has since reconsidered and convincingly rejected. Also seeking to intervene in the underlying proceeding, the Shaw Group, Inc. – purchaser of most of SWEC's assets – relied on the same alleged "Assignment" that SAMBA attempts to reassert now. As it did on SAMBA's motion to intervene, the Bankruptcy Court rejected the argument. *See SWE&C Liquidating Trust v. Saudi Arabian Oil Co. (In re Stone & Webster, Incorporated)*, __ B.R. __, Case No. 00-2142(PJW), 2007 Bankr. LEXIS 3126, *22-*26 (Bankr. D. Del. August 31, 2007) ("I will restate and amplify on my ruling with respect to SAMBA's claim of a security interest."; "[S]AMBA failed to meet its burden. At the hearing on SAMBA's intervention motion, SAMBA did not attempt to validate the assignment under Saudi law, or any other law. Thus, I conclude again that SAMBA has not proved that it has a perfected security interest in contract proceeds."). SAMBA shows neither the "clear error of fact," nor the

materiality of that allegedly erroneous fact to this Court's ultimate conclusion that SAMBA has no basis to intervene.

B.  **SAMBA Does Not Show A "Manifest Injustice" Where SAMBA Has Already Settled Its Claims And Received A Significant Payment.**

SAMBA next argues that this Court must change its ruling to prevent "manifest injustice." SAMBA's apparent support is its argument that "neither the Trustee nor Saudi Aramco has ever disputed the enforceability or validity of the Assignment . . . ." (SAMBA Brief at 7.) SAMBA's allegation bears no relation to reality. Saudi Aramco has yet to answer in the adversary proceeding and has taken no position on the "Assignment," and the Trust has argued consistently that SAMBA has no valid assignment. (*See, e.g.*, Brief Of Respondent SWE&C Liquidating Trustee In Opposition To Saudi American Bank's Appeal Of the Bankruptcy Court's Denial Of Saudi American Bank's Motion To Intervene, March 2, 2007 [D.I. #10], at 7 ("[S]AMBA's claim to a valid assignment fails even a cursory review . . . .")

This Court and the Bankruptcy Court ruled on the issue of the assignment's enforceability or validity based on the Trust's objection to SAMBA's intervention motion. The only "manifest injustice" is that occurring if SAMBA can intervene, giving SAMBA the ability to interfere in a settlement or judgment for the benefit of SWEC's creditors whose recovery is already reduced by a $1 million payment to SAMBA more than four years ago to resolve SAMBA's claim. (*See* Saudi American Bank's Revised Record on Appeal, Tab 37, A1628-A1629, ¶¶ 1, 2, 5.) A bare claim of manifest injustice, backed only by a misstatement of the record, does not support reconsideration. To the contrary, having already taken a substantial bite out of the Trust's apple under a settlement agreement SAMBA voluntarily entered, the only "manifest injustice" would be accepting SAMBA's demand for another bite.

C.  **SAMBA's Claim That The Court Considered An "Immaterial" Issue Misstates The Record And, In Any Case, Is Not An Error Of Fact.**

Finally, without connecting the argument to any recognized basis for reconsideration, and without explaining how it led this Court to reach an erroneous conclusion, SAMBA argues that this Court incorrectly relied on a theory that "the Trustee's underlying Complaint against Saudi Aramco is a 'hypothetical' based on 'legal fiction.'" (SAMBA Brief at 7.) For the first time, SAMBA cites to this Court's Order – but misstates the Court's reasoning.

The issue is not whether the "Trustee's Complaint" relies on a legal fiction, but whether SAMBA must rely on a legal fiction to support intervention:

> Given my view of the underlying facts, I decline to embrace ***the legal fiction upon which SAMBA has to rely*** to justify intervention in the adversary, to wit, that SWEC's potential liability for the conduct of BSW under the Ras Tanura Contract extends to the Assignment, of which SWEC was not a signatory. I further conclude that, even if SWEC were deemed to be obligated under the Assignment a reasonable interpretation of the Assignment limits SAMBA's rights thereunder to funds actually deposited in BSW's account (i.e., in SAMBA's possession at any given time, as would be the case under the common law of setoff). Therefore, if funds collected by SWEC were to pass through SAMBA, SAMBA may assert those rights in Saudi Arabia (assuming BSW still has an account). Absent actual possession of the funds, however, I decline to rule that SAMBA has the broad, virtually unlimited right to claim any monies related to the Ras Tanura Contract, especially in light of the added protection SAMBA acquired through the Guaranty.

(Memorandum Order, August 29, 2007 [D.I. #24], at 5-6 (emphasis added).)

SAMBA's misstatement or misunderstanding of the record does not support reconsideration. Moreover, even if SAMBA correctly stated the Court's reasoning, the reliance on a "legal fiction" is but one reason why this Court found that SAMBA had no right to intervene. This Court's "further" conclusions to support its findings exist independently of the legal fiction on which SAMBA relies. (*See id.* ("I further conclude that, even if SWEC were deemed to be obligated under the Assignment a reasonable interpretation of the Assignment limits SAMBA's rights thereunder to funds actually deposited in BSW's account . . . .").) An

attack on one alternative finding does not establish the "substantial reasons" that would justify reconsideration. *See* 11 Chas. Alan Wright, *et al.*, *Federal Practice & Procedure* § 2804 at 53 (2d ed 1995). SAMBA has failed to provide even a minimal showing for reconsideration, much less the substantial showing that SAMBA must make to obtain reconsideration.

**D.  SAMBA Does Not Even Try To Establish The Justification For A Stay.**

Though SAMBA does not separately argue for a stay except by a brief request in its conclusion, a stay is no more justified now than it was when SAMBA first requested it in this Court. As the Trust argued previously, and incorporates herein by reference, SAMBA had to seek that stay first in the Bankruptcy Court. (*See* [Corrected] Answering Brief Of The SWE&C Liquidating Trustee In Opposition To Saudi American Bank's Motion For Stay Pending Appeal, May 24, 2007 [D.I. #22], at 5-6.) SAMBA failed to do so, and cannot do so now.

If this Court were to stay the underlying adversary proceeding, the real injury would be to SWEC's creditors whose ability to push forth toward settlement or judgment with Saudi Aramco would be frustrated by SAMBA's ability to interfere in any settlement or judgment. (*See id.* at 7-10.) SAMBA did not answer these concerns adequately in its prior request for a stay, and SAMBA fails even to try this time around.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

## IV. CONCLUSION.

SAMBA has shown neither a "clear error of fact" in this Court's prior findings, nor any "manifest injustice" that result's from the Court's Memorandum Order. The Trust respectfully asks this Court to deny SAMBA's Motion for rehearing and stay.

Dated: September 26, 2007
      Wilmington, Delaware

THE SWE&C LIQUIDATING TRUST

By: /s/ Kerri Mumford
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
LANDIS RATH & COBB LLP
919 Market Street, Suite 600
Wilmington, DE 19801
Tel: (302) 467-4400
Fax: (302) 467-4450

- and -

Lorraine S. McGowen
Alyssa Englund
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103-0002
Tel: (212) 506-5000
Fax: (212) 506-5151

- and -

James E. Houpt
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814
Tel: (916) 447-9200
Fax: (916) 329-4900

Counsel to the SWE&C Liquidating Trust

# CERTIFICATE OF SERVICE

I, Kerri K. Mumford, hereby certify that on this 26th day of September 2007, I caused a true and correct copy of the *Answering Brief of the SWE&C Liquidating Trustee in Opposition to Saudi American Bank's Motion for Rehearing and Stay* to be filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Adam G. Landis (landis@lrclaw.com)
Kerri King Mumford (mumford@lrclaw.com)
Francis A. Monaco, Jr. (fmonaco@wcsr.com)
Kevin J. Mangan (kmangan@wcsr.com)
Dennis A. Meloro (melorod@gtlaw.com)

I further certify that I have served the parties listed on the service list below in the manner indicated:

*First Class Mail*
John C. Hutchins, Esquire
Daniel E. Rosenfeld, Esquire
Amy B. Abbott, Esquire
Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Center
Boston, MA 02111

*First Class Mail*
Lorraine S. McGowen, Esquire
Alyssa Englund, Esquire
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103-0002

*First Class Mail*
James E. Houpt, Esquire
Orrick, Herrington & Sutcliffe LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814

_____
Kerri K. Mumford (No. 4186)

429.001-18054.DOC