IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Bk. No. 00-02142 (PJW) |
| STONE & WEBSTER, INC., *et al.*, | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |
| SAUDI AMERICAN BANK | ) | Civil No. 06-399-SLR |
| | ) | |
| Appellant, | ) | |
| v. | ) | |
| | ) | |
| SAUDI ARABIAN OIL COMPANY, | ) | |
| STONE & WEBSTER, INC., STONE & | ) | |
| WEBSTER ENGINEERING CORP. and | ) | |
| SWE&C LIQUIDATING TRUST, | ) | |
| | ) | |
| Appellees. | ) | |

## NOTICE OF APPEAL TO
## U.S. COURT OF APPEALS, THIRD CIRCUIT

Notice is hereby given that Saudi American Bank ("SAMBA") appeals to the United States Court of Appeals for the Third Circuit from the Order entered in this action on August 29, 2007, (1) denying the bankruptcy appeal filed by SAMBA and affirming the decision of the United States Bankruptcy Court for the District of Delaware issued on May 1, 2006; (2) denying as moot SAMBA's motion to supplement the record; and (3) denying as moot SAMBA's motion to stay pending appeal. [D.I. 24].

Respectfully submitted,
SAUDI AMERICAN BANK,
By its attorneys,

Francis A. Monaco, Jr. (#2078)
Kevin Mangan (#3810)
Womble Carlyle Sandridge & Rice PLLC
222 Delaware Avenue
15th Floor
Wilmington, DE 19801
(302) 252-4361


Of Counsel:
Daniel E. Rosenfeld
John C. Hutchins
Amy B. Abbott
Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

Dated: September 28, 2007

**MEMORANDUM OPINION DATED AUGUST 29, 2007**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| STONE & WEBSTER, INC., et al., | ) | Bk. No. 00-2142(PJW) |
| | ) | Jointly Administered |
| Debtors. | ) | Adv. No. 02-03963(PJW) |
| | ) | |
| | | |
| SAUDI AMERICAN BANK, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-399-SLR |
| | ) | |
| SAUDI ARABIAN OIL COMPANY, | ) | |
| STONE & WEBSTER, INC., STONE | ) | |
| & WEBSTER ENGINEERING CORP., | ) | |
| and SWE&C LIQUIDATING TRUSTEE, | ) | |
| | ) | |
| Appellees. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 29th day of August, 2007, having reviewed the appeal taken

by Saudi American Bank ("SAMBA") from a decision denying SAMBA's motion to

intervene in the above referenced adversary proceeding;

IT IS ORDERED that said appeal is denied and the decision of the United States

Bankruptcy Court for the District of Delaware issued on May 1, 2006 is affirmed, for the

reasons that follow:[1]

---

[1]Given my decision, SAMBA's motion to stay pending appeal (D.I. 18) is denied
as moot.  Also moot are the pending motions to strike (D.I. 14) and to supplement the
record (included within D.I. 16).

1. **Standard of review.** This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a de novo basis bankruptcy court opinions. In re Hechinger, 298 F.3d 219, 224 (3d Cir. 2002); In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

2. **Background facts.** The above captioned adversary proceeding stems from a business transaction gone bad in Saudi Arabia, which transaction has generated multifaceted litigation, including a related adversary withdrawn to this court for resolution. See Saudi American Bank v. Shaw Group, et al., Civ. No. 04-834-SLR (D. Del.). A brief recitation of the underlying facts is necessary to understand the current dispute.

2

3.   On May 31, 1980, Stone & Webster Engineering Corporation ("SWEC") and Abdullah Said Bugshan & Bros. ("Bugshan"), a Saudi Arabian business enterprise, formed a joint venture called Bugshan Stone & Webster ("BSW") under the laws of Saudi Arabia.  BSW was owned in equal shares by SWEC and Bugshan.  In the mid 1990s, BSW entered a $130 million contract with Saudi Arabian American Oil Company ("Aramco") to upgrade a large oil refinery at Ras Tanura in Saudi Arabia (the "Ras Tanura Contract").  In an attempt to induce appellant SAMBA to grant credit to BSW, Bugshan and SWEC each agreed to issue guaranties to SAMBA for 50% of any loans SAMBA made to BSW.  On October 11, 1994, SWEC delivered a letter guarantying payment of 50% of all obligations owed to SAMBA by BSW, up to thirty five million dollars (the "Guaranty").  In 1997, SAMBA approved a loan to BSW for $35 million "to finance mobilization & working capital requirements" of the Ras Tanura Contract.  Unfortunately, BSW ran into difficulties on the Ras Tanura project and was unable to repay SAMBA the outstanding amount of the loan when the project was completed.  In late 1998, *pursuant to their guaranties, SWEC and Bugshan each agreed to repay one-*half of the outstanding loan at a rate of $650,000 per month.   SWEC has not repaid its portion of the loan.  By my decision in <u>Saudi American Bank v. Shaw Group, et al.</u>, Civ. *No. 04-834-SLR (D. Del.) (D.I. 11), I determined that the Shaw Group ("Shaw")* assumed the Guaranty (and the debt owing thereunder to SAMBA) under an Asset Purchase Agreement ("APA") entered into by Stone & Webster, Inc. and Shaw, which APA was approved in the above referenced Chapter 11 bankruptcy proceedings.

4.   The instant adversary proceeding was commenced by debtors Stone & Webster, Inc. and SWEC against Aramco in May 2002.  As I read the complaint, it was

3

instituted in response to a proof of claim filed by Bugshan seeking reimbursement from the debtors for a claim against BSW, a non-debtor, in a Saudi Arabian lawsuit, as well as for costs Bugshan incurred in defending BSW against the lawsuit. (See SAMBA's revised record on appeal at A00005)[2] Debtors reason that, if the bankruptcy court were to hold (contrary to America law) that a shareholder of BSW (SWEC) is liable for the corporate obligations of BSW, then the shareholder (SWEC) should be allowed to step into the shoes of BSW and assert BSW's rights to recover claims against Aramco for breach of the Ras Tanura Contract, which breach, it is asserted, led to the lawsuit that is the underlying basis for Bugshan's proof of claim.[3] (Id. at A00001-A00022) SAMBA filed a motion to intervene in this proceeding, which motion was denied by the bankruptcy court. SAMBA filed the instant appeal from this decision.

5.  SAMBA asserts in connection with its appeal that intervention is appropriate because BSW signed an agreement with SAMBA whereby BSW "assigned" to SAMBA "all proceeds of the [Ras Tanura] Contract (Proceeds), which shall include proceeds of claims arising out of the Contract . . . . Such Proceeds shall be security for all obligations of [BSW] to the Bank and may be applied by the Bank in satisfaction of all such obligations whether incurred in connection with the Contract or otherwise." (Id. at A01330, the "Assignment of Contract Proceeds," hereinafter "the Assignment") The Assignment further provided that SAMBA

may establish a collateral account for [BSW] and deposit

---

[2]The Saudi Arabian lawsuit was filed by a subcontractor hired to perform various portions of the work related to the Ras Tanura project. (See id. at A00009-00011)

[3]I understand that said proof of claim, claim 4419, has not yet been resolved.

4

> Proceeds in such account. Amounts so deposited shall be
> released to [BSW] so long as no event of default exists
> under any credit agreement with the Bank and the Bank has
> not demanded payment of, or cash collateral for, any facilities
> extended to [BSW].

(Id. at A01331) In its appeal, therefore, SAMBA further extends the hypothetical of the

adversary proceeding and reasons that, if SWEC is allowed to step into the shoes of

BSW for purposes of collecting money from Aramco for Aramco's breach of the Ras

Tanura Contract, then SAMBA should be allowed to assert its rights to collect such

"Proceeds" under the Assignment against SWEC, a non-signatory of the Assignment.

6. **Analysis**. Given my view of the underlying facts, I decline to embrace the

legal fiction upon which SAMBA has to rely to justify intervention in the adversary, to

wit, that SWEC's potential liability for the conduct of BSW under the Ras Tanura

Contract extends to the Assignment, of which SWEC was not a signatory.[4] I further

conclude that, even if SWEC were deemed to be obligated under the Assignment, a

reasonable interpretation of the Assignment limits SAMBA's rights thereunder to funds

actually deposited in BSW's bank account (i.e., in SAMBA's possession at any given

time), as would be the case under the common law of setoff. Therefore, if funds

---

[4]In other words, in order for SAMBA to prevail, the following "legal fictions" must
be proved, presumably under Saudi law: (1) SWEC is liable for BSW's obligations in
the Saudi Arabian lawsuit, even though SWEC is a shareholder; (2) SWEC has the
right to collect and share with the bankruptcy estate BSW's assets (claim for breach of
contract against Aramco), even though BSW is a non-debtor; (3) SWEC is held liable
for BSW's obligations under the Assignment, even though SWEC is a non-signatory; (4)
SAMBA is allowed to share the monies SWEC has collected by reason of the
Assignment, even though said monies were never in SAMBA's possession or, perhaps,
even in Saudi Arabia. Because SWEC has not yet been held liable for BSW's
obligations in Saudi Arabia, and that finding of liability is the keystone of the adversary
proceeding, one might characterize the above reasoning as dependent on a house of
cards.

collected by SWEC were to pass through SAMBA, SAMBA may assert those rights in Saudi Arabia (assuming BSW still has an account).  Absent actual possession of the funds, however, I decline to rule that SAMBA has the broad, virtually unlimited right to claim any monies related to the Ras Tanura Contract, especially in light of the added protection SAMBA acquired through the Guaranty.

United States District Judge

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Bk. No. 00-02142 (PJW) |
| STONE & WEBSTER, INCORPORATED | ) | Jointly Administered |
|   et al., | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |
| SAUDI AMERICAN BANK | ) | Civil No.  06-399-SLR |
| | ) | |
| Appellant, | ) | |
| v. | ) | |
| | ) | |
| SAUDI ARABIAN OIL COMPANY, | ) | |
| STONE & WEBSTER, INC., STONE & | ) | |
| WEBSTER ENGINEERING CORP. and | ) | |
| SWE&C LIQUIDATING TRUSTEE, | ) | |
| | ) | |
| Appellees. | ) | |

## CERTIFICATE OF SERVICE

I, Heidi E. Sasso, certify  that I am not less than 18 years of age, and that service of the foregoing documents was made on September 28, 2007 upon:

**Via Hand Delivery and Electronic Mail**
Adam Landis, Esq.
Kerri Mumford, Esq.
Landis Rath & Cobb LLP
919 Market Street, Ste. 600
Wilmington DE 19801

Dennis Meloro, Esq.
Greenberg Traurig LLP
The Nemours Building
1007 N. Orange Street, Ste. 1200
Wilmington, De 19801

WCSR 3733647v1

**<u>Via US Mail and Electronic Mail</u>**
Lorrain McGowen, Esq.
Orrick Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103

James Houpt, Esq.
Orrick Herrington & Sutcliffe LLP
400 Capital Mall, Ste. 3000
Sacramento, CA 95814

　　　　Under penalty of perjury, I declare that the foregoing is true and correct.

__9/28/2007_____                    __/s/ Heidi E. Sasso_____
Date                                  Heidi E. Sasso